IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DWIGHT McDONALD, CHRISTOPHER**      **PLAINTIFFS**
**ATKINS and TIMOTHY PROVOST,**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.      No. 1:21-cv-6260

**M2 MANAGEMENT, INC.,**      **DEFENDANTS**
**and MICHAEL P. TRAINOR**

### RESPONSE TO DEFENDANTS' RULE 60(b)(4) MOTION TO VACATE JUDGMENT

The reason that this Court can only deny Defendants' Motion to Vacate Judgment is that Plaintiffs adequately complied with the New Hampshire requirements for alternate service of process. After six months of attempted service at various addresses and by various means, Plaintiffs received permission from this Court to effect service via publication pursuant to New Hampshire law. Following the New Hampshire statute to the letter, Plaintiffs circulated a proper notice of the lawsuit in the publication whose circulation area was reasonably calculated to reach Defendants. Service in this case was proper, Defendants are in default, and the judgment should stand.

### I.      INTRODUCTION

Plaintiffs filed their lawsuit against Defendants on November 22, 2021, alleging violations of both the FLSA and the IMWL during their employment with Defendants. ECF No. 1. Summonses were issued for both Defendants that same day, and Plaintiff began attempting service on Defendant Trainor, who was listed with the New Hampshire Secretary of State as Defendant M2 Management, Inc.'s registered agent.

Page 1 of 9
Dwight McDonald, et al. v. M2 Management, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260
Response to Defendants' 60(b)(4) Motion to Vacate Judgment

*See* NH Sec'y of State filing dated Nov. 15, 2021, attached as Ex. 1. M2 Management Inc.'s business filing lists Defendant Trainor's address as 1039 Gherry[1] Valley Road, Gilford, New Hampshire, 03249. *Id*. Plaintiffs attempted service at this address throughout December 2021, and January and February of 2022. *See* February 2022 Proof of Nonservice, attached as Ex. 2.

In January of 2022, Plaintiffs sought a new address for service on Defendants by performing a skip trace on Defendant Trainor and began attempting service at the resulting addresses. Specifically, Plaintiffs determined that Defendant Trainor had a vehicle registered in his name with a registered address in Astoria, New York, and attempted service accordingly, again with no success. *See* Jan. 3, 2022 Email, attached as Ex. 3. Plaintiffs attempted to contact Defendant Trainor by calling the business phone number and via the email listed on the New Hampshire Secretary of State filing, but Defendant Trainor failed to respond. *See* Jan. 26, 2022 Email, attached as Ex. 4. Plaintiffs even sought to contact an old business associate of Defendant Trainor's in hopes to obtain his whereabouts. *See id*.

Accordingly, Plaintiffs sought and were granted permission to serve Defendants via certified letter to the P.O. Box listed on Defendant M2 Management Inc.'s New Hampshire business filings. *See* ECF No. 10. Plaintiffs sent four certified letters to Defendants' P.O. Box. *See* Pl.'s Third Mot. for Ext. of Time for Service, ECF No. 12 (detailing the attempts at service via certified mail). Plaintiffs did not receive a return receipt for any of the certified letters sent. *Id*. Because service via personal delivery and

---

[1] As Defendants point out in their Motion, this is a typo; the proper address is 1039 Cherry Valley Road. Plaintiffs attempted service at 1039 Cherry Valley Road multiple times in late 2021 and early 2022. Defendant Trainor no longer resided at 1039 Cherry Valley Road during the attempted service, but had not updated M2 Management Inc.'s business filings to reflect a new address.

Page 2 of 9
Dwight McDonald, et al. v. M2 Management, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260
Response to Defendants' 60(b)(4) Motion to Vacate Judgment

certified mail were unsuccessful after multiple attempts, Plaintiffs sought and were granted permission to serve Defendants via New Hampshire state law, which allows service by publication in the newspaper that circulated in the town in which Defendants resided at the time. *See* ECF No. 13.

## II. LEGAL STANDARD

Rule 60(b) permits a Court to vacate a judgment because, among other things, "the judgment is void." Fed. R. Civ. P. 60(b)(4). "If the Court lacks personal jurisdiction over the defendant, the Court must consider the judgment void and vacate it pursuant to Rule 60(b)(4). *Mori Lee, LLC v. Partnerships and Unicorporated Associations Identified on Sched. "A"*, No. 20 C 7648, 2022 WL 523123, at *2 (N.D. Ill. Feb. 22, 2022) (citing *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010); *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859 (7th Cir. 2016)). "On a Rule 60(b)(4) motion, the defendant bears the burden of proving the court's lack of personal jurisdiction." *Id*. (quoting *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 911 (7th Cir. 2015)).

Pursuant to Rule 4(h)(1)(A), any corporation, partnership, or association may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) states that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Thus, service on Defendants may be made according to the state laws of New Hampshire regarding service of process. According to New Hampshire law, service by publication in a newspaper is permissible when "ordered by any court upon any petition," and the publication contains "the title of the case, the name of the court in

Page 3 of 9
Dwight McDonald, et al. v. M2 Management, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260
Response to Defendants' 60(b)(4) Motion to Vacate Judgment

which it is pending, the time and place of the return and hearing, the fact that such original is on file and may be examined by interested parties and other such facts as the court may order." N.H. Rev. Stat. Ann. § 510:9. Accordingly, service on Defendant Trainor was proper so long as Plaintiffs' notice was ordered by a Court (it was, *see* ECF No. 13) and contained the required language (it did, *see* ECF No. 14).

### III. ARGUMENT

Defendants have not provided sufficient evidence to challenge this Court's personal jurisdiction over them. Plaintiffs' service via publication followed several service attempts by alternate means and was pursuant to a Court Order permitting service by publication. "Due process does not require [a] plaintiff to be a private investigator and determine the actual whereabouts of defendants before commencing an action," and "[r]equiring no stone be left unturned in attempting service on a missing person before service by publication can be invoked would, in the words of the district judge, 'reward [the] defendants' action of flight.'" *Hugel v. McNeil*, 886 F.2d 1, 5 (1st Cir. 1989).

**A.  Actual notice is not required for effective service.**

Defendants do not, because they cannot, argue that Plaintiffs' service by publication was statutorily deficient. Plaintiffs' service followed New Hampshire's statute permitting service by publication to the letter. The published notice was ordered by this Court, contained the title of the case, the name of this Court, the time and place by which the Answer was to be filed, and that the Complaint was on file and available for viewing. This complies exactly with the New Hampshire service by publication statute. *See* N.H. Rev. Stat. Ann. § 510:9. Not even Defendants raise an argument that the

Page 4 of 9
Dwight McDonald, et al. v. M2 Management, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260
Response to Defendants' 60(b)(4) Motion to Vacate Judgment

publication did not strictly comply with the statute; rather, Defendants argue that the service was deficient because it failed to provide *actual* notice to Defendants. While actual notice is obviously preferred, it is not necessary when a party, either deliberately or through negligent inattention, cannot be served via means which would guarantee actual notice. This, in fact, is the very purpose underlying the existence of service by publication.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. C. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citations omitted). Parties should employ means "such as one desirous of actually informing the absentee," but "where conditions do not reasonably permit such notice," the form chosen must not be "substantially less likely to bring home notice than other of the feasibly and customary substitutes." *Id*. (citations omitted).

While service by publication is a notably "unreliable" means of service, courts "ha[ve] not hesitated to approve of resort to publication as a customary substitute in another class of cases where it is not reasonably possible or practicable to give more adequate warning." *Id*. at 317. "Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Id*. Accordingly, service need not be actual so long as it is "reasonably calculated" to notify interested parties of the lawsuit.

**Page 5 of 9**
**Dwight McDonald, et al. v. M2 Management, Inc., et al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260**
**Response to Defendants' 60(b)(4) Motion to Vacate Judgment**

Moreover, while courts have held that publication service should only be used as a "last ditch effort" for service, parties are not required to exhaust every possible alternate means of service prior to resorting to publication notice. *Hugel*, 886 F.2d at 5 ("The McNells' suggested reading of *Mullane* would result in service by publication of a party who cannot be located being constitutionally deficient if one untried method of personal service *might* have been successful in notifying that party. To adopt this view would have the effect of abolishing use of publication as a last ditch effort to notify a missing party of an action against him."). Service by publication is appropriate and constitutionally sufficient when used in conjunction with other means of service, such as attempts at in person delivery, mail, phone, email, and seeking close friends and family to ascertain a missing party's whereabouts. *Id*. at 5–6 ("Substituted service by publication was appropriate given Hugel's efforts to effect personal service on the McNells and was constitutionally sufficient under *Mullane*.").

B.     **Plaintiffs' service by publication was proper and should be held effective.**

As detailed above, Plaintiffs attempted in-person service multiple times at multiple addresses for three months following the commencement of this lawsuit. Plaintiffs attempted to reach Defendants by phone and email and sent four certified letters to effect service. Plaintiffs even sought business associates and close relatives of Defendant Trainor's to find a new address on which to effect service. All attempts at locating Defendant Trainor were unsuccessful. Under these circumstances, service by publication was reasonable. Defendants argue that the service by publication was deficient simply because it did not give them actual notice, but as detailed above, actual notice is not required under these circumstances. None of Defendants' arguments are

Page 6 of 9
Dwight McDonald, et al. v. M2 Management, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260
Response to Defendants' 60(b)(4) Motion to Vacate Judgment

sufficient to overcome the weight of legal authority and factual evidence showing the service was proper and effective.

1. <u>Circulation in a Gilford, New Hampshire publication was proper.</u>

Defendants assert that publication in the Laconia Daily Sun was not reasonably calculated to provide notice because neither party resided in the Laconia Daily Sun's circulation area at the time of publication, but this is not the standard for publication notice. Parties seeking to serve via publication must publish the notice in a newspaper with a circulation area covering the location where the party to be served *is believed* to be located. *See generally*, N. H. Rev. Stat. Ann. § 21:32.[2] All evidence available to Plaintiffs at the time of publication pointed to Defendants' residing in Gilford, New Hampshire, an area covered by the Laconia Daily Sun. As detailed above, Defendants' business filings listed Gilford as the both the principal address for M2 Management and the address for Defendant Trainor. *See* Ex. 1.[3] Efforts to locate Defendant Trainor in places other than Gilford were unsuccessful. Accordingly, Plaintiffs circulated the publication notice in the area in which Defendants were reasonably believed to be located and the notice was constitutionally sufficient to effect notice.

Regardless, all evidence demonstrates that Defendants actually did reside in the Laconia Daily Sun's circulation area at the time of publication. Critically, Defendants admit that the Laconia Daily Sun circulates in Moultonborough, where Defendant Trainor claims to have resided at the time of publication, and the statutory requirements

---

[2] The New Hampshire Revised Statute authorizing publication service does not mention circulation area at all, but other New Hampshire statutes detailing publication notice in other circumstances provide that the notice must circulate in an area in which the party is last known to have resided or believed to currently reside. See N. H. Stat. Ann. § 550:10, N. H. Probate Court Rule 128.

[3] Defendants did not change the address on their business filings until 2023. *See* 2022 and 2023 New Hampshire Secretary of State Filings, attached as Exs. 5 and 6.

Page 7 of 9
Dwight McDonald, et al. v. M2 Management, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260
Response to Defendants' 60(b)(4) Motion to Vacate Judgment

for publication notice are met accordingly. Mot. to Vacate, p. 9. Defendants claim that the Laconia Daily Sun does not circulate in Thornton, "where M2's principal address is and was located at the time." *Id*. But Defendant M2 Management could not have moved to Thornton until 2022 or 2023. Defendants did not update M2 Management's principal address to the Thornton address with the New Hampshire Secretary of State until November of 2023, well after the publication in Gilford was circulated. *See* Ex. 6. In fact, the address Defendants' claim as M2 Management's principal address in Thornton was not built until well into 2022. In May of 2022, the lot was under Site Plan Review with the Town of Thornton Planning Board and had not been built. *See* Thornton Planning Board Note of Decision, attached as Ex. 7, and Thornton Planning Board Meeting Minutes, attached as Ex. 8 ("The Board reviewed the application submitted and Mr. Trainor reviewed that he owns and runs a business that will have its office in his home **once the home is built**.") (emphasis added). Thus, the address that Defendants' claim as M2 Management's principal address was an empty lot at the time of publication and could not possibly have been either party's actual address at the time.

Both Defendants were located in the Laconia Daily Sun's circulation area at the time of publication and notice via publication in the Laconia Daily Sun was proper.

    2.    <u>Defendants were properly served through publication.</u>

As described in Section A, *supra*, Defendant Trainor's actual whereabouts at the time of publication is irrelevant. Plaintiffs attempted service by means that would guarantee actual notice for six months before seeking permission to serve via publication. Defendant Trainor's failure to update his business filings with the Secretary of State to a current address, his failure to respond to phone calls and emails, and his

Page 8 of 9
Dwight McDonald, et al. v. M2 Management, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260
Response to Defendants' 60(b)(4) Motion to Vacate Judgment

failure to collect his certified mail[4] necessitated service by less reliable means. Defendant Trainor ignored Plaintiffs' notice of this lawsuit at his own risk; service in this case was proper, Defendants are in default, and the judgment should stand.

                                                   Respectfully submitted,

**DWIGHT McDONALD, CHRISTOPHER ATKINS and TIMOTHY PROVOST, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

---

[4] Plaintiffs admittedly have no proof that Defendant Trainor refused to collect the certified letters notifying him of this lawsuit but find it telling that while four certified letters notifying him of a potential lawsuit were unable to reach him, he responded immediately to the notice informing him that actual money was at stake.

**Page 9 of 9**
**Dwight McDonald, et al. v. M2 Management, Inc., et al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260**
**Response to Defendants' 60(b)(4) Motion to Vacate Judgment**