UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dwight McDonald, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 21-cv-6260 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| M2 Management Inc. and Michael Trainor | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Federal Rule of Civil Procedure 60(b)(4) motion to vacate the judgment entered against them on the grounds that they were not properly served with process. For the reasons that follow, the Court grants Defendants' motion [30] and reopens this case. The Court grants Plaintiffs 90 days to serve the Defendants with process in this case. The Court sets a joint status conference for May 28, 2026 with an initial joint status report to be filed by May 26, 2026.

## STATEMENT

On November 22, 2021, Plaintiffs filed this putative class action against Defendants alleging that they violated the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act. The Court granted three extensions to the deadline for service of process, ultimately authorizing service by publication. Following service by publication, Defendants did not appear. The Court subsequently entered default and a default judgment against the Defendants.

Defendants move to vacate the default judgment on the grounds that service of process by publication was improper. "The burden is on the defendant to show that the judgment is void for lack of service of process." *Fed. Equip. Corp. v. Puma Indus. Co.*, 182 F.R.D. 565, 567 (N.D. Ill. 1998) (citing *Trustees of Cent. Laborers' Welfare Fund v. Lowery,* 924 F.2d 731, 732 n. 2 (7th Cir.1991); *Bally Export Corp. v. Balicar,* 804 F.2d 398, 404 (7th Cir.1986)).

Service of process must satisfy the constitutional requirements of Due Process to be effective. "[T]he Due Process Clause demands a diligent search before attempting notice by publication." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950). The Court is not convinced on the record before it that a diligent search occurred. Plaintiffs provide only one admissible affidavit regarding their attempts to perfect service, which indicates only that they

attempted personal service on Defendant Trainor at one address, could not locate him, and were informed he had moved. ECF No. 37-2. There is no admissible evidence that the Plaintiffs used any other reasonable methods to attempt to ascertain the address of Trainor or M2. The record reflects that Plaintiffs considered service at Lot 29 Diamond Ledge Road, Thornton, New Hampshire. ECF No. 37-4.[1] However, there is no evidence that service was attempted at that address. While Plaintiffs submit evidence that construction at that lot had not started at the time that service was attempted, ECF No. 37-7, Defendants put forward unrebutted evidence that the property had a container office and mailbox on site and was in operational use for M2's business activity, and that Trainor was frequently present at the location, ECF No. 40-1 at ¶¶ 3–10. Given this unrebutted evidence and Plaintiffs' failure to search for an alternative address for the Defendants, Plaintiffs' search was not sufficiently diligent to justify service by publication. *Cunningham v. Montes*, 883 F.3d 688, 690 (7th Cir. 2018) (finding it was not reasonably diligent, under Wisconsin law, to attempt service at only one address and to fail to attempt service at a known address of the defendant). Accordingly, service by publication was not constitutionally authorized, and the Court vacates the default judgment previously entered in this case.

**SO ORDERED.**  ENTERED: February 20, 2026

_____
**HON. JORGE ALONSO**
**United States District Judge**

---

[1] This email is admissible against the Plaintiffs as a statement of a party opponent.