**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

DWIGHT McDONALD, CHRISTOPHER ) 
ATKINS and TIMOTHY PROVOST, ) 
Each Individually and on Behalf ) 
of All Others Similarly Situated, ) 
                            )      No. 21-cv-6260 
                Plaintiffs ) 
      vs. ) 
                            ) 
M2 MANAGEMENT INC., ) 
and MICHAEL P. TRAINOR, ) 
                            ) 
           Defendants )

**DEFENDANTS' STATUS REPORT**

Defendants, M2 Management Inc. and Michael P. Trainor (collectively, "Defendants"), by and through their attorneys, submit the below Status Report pursuant to this Honorable Court's February 20, 2026, Order. ECF No. 41.[1]

I.   Status on Service

Plaintiffs were granted 90 days, up until May 21, 2026, to effectuate service on Defendants. ECF No. 41. Prior to the date of this Court's ordered Joint Status Report, Plaintiffs filed a Motion for Extension of Time to Effectuate Service of Process ("Motion") informing the Court that Plaintiffs have not effectuated service of process. ECF No. 42. As of the date of this filing, Defendants have yet to be served.

---

[1] Counsel for Defendants reached out to Counsel for Plaintiffs, Dwight McDonald, Christopher Atkins, and Timothy Provost (collectively, "Plaintiffs") to attempt to submit a Joint Status Report pursuant to this Court's February 20, 2026 Order (ECF No. 41), however, Counsel for Plaintiffs only provided a general bare objection to Section II with no proposed edits.

1

II. <u>Other Matters</u>

Plaintiffs filed their Motion on May 20, 2026, one day prior to Plaintiffs' deadline to effectuate service, stating that they've only recently learned that the process servers were unable to complete service. ECF No. 42. Pursuant to Federal Rule of Civil Procedure 4(m) and 41(b), Defendants object to Plaintiffs' Motion and request this Court dismiss Plaintiffs' Complaint with prejudice.

Pursuant to Federal Rule of Civil Procedure 4(m) (If a defendant is not served within 90 days after the complaint is filed, the court…must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.), Plaintiffs have failed to assert good cause for the requested extension (ECF No. 42). While Plaintiffs assert that they have acted "diligently throughout service efforts to every address reasonably associated with Defendant [Michael P.] Trainor", Plaintiffs simultaneously state they've only recently learned that the process servers were unable to complete service. ECF No. 42, ¶4. With no mention of service efforts directed to M2 Management Inc., Plaintiffs further state that they now know a proper address for one Defendant due to the filing of a civil case in New Hampshire. ECF No. 42, ¶ 9. However, the Diversity Disclosure Statement Plaintiffs attach to their Motion, was filed on March 16, 2026, less than 30 days after this Court granted Plaintiffs 90 days to serve Defendants. ECF No. 42, Ex. 1. Worse yet, the filing they referred to indicates that proceedings commenced months prior. ECF No. 42, ¶5, Ex. 1.

Moreover, Plaintiffs have alluded to Defendants, through Counsel who are "well positioned to facilitate proper service or accept service on his behalf," have evaded service. ECF No. 42, ¶7. However, Plaintiffs have at no point during the 90 days this Court granted them to effectuate

2

service, reached out to Defendants' Counsel. ECF No. 42, ¶5. Considering this and Plaintiffs' failure to diligently effect service, Plaintiffs' Complaint must be dismissed with prejudice. See Fed. R. Civ. P. 41(b) (upon a plaintiff's failure to prosecute or comply with a court order, a defendant may move to dismiss this action or any claim against it). Plaintiffs' failure to diligently effect service demonstrates a failure to diligently prosecute this matter and their failure to diligently serve Defendants on a 2021 case merits a dismissal with prejudice. At the very least, Plaintiffs failure to prosecute M2 Management, Inc., indicated a failure to prosecute this Defendant and therefore merits a dismissal with prejudice of M2 Management Inc.[2]

Respectfully submitted,

 /s/ Joyce Mendoza Navarro 
 *Attorneys for Defendants*

John C. Ellis
Joyce Mendoza Navarro 10800
ELLIS LEGAL, P.C.
200 West Madison Street, Suite 2670
Chicago, Illinois 60606
(312) 967-7629
jellis@ellislegal.com
ddeschepper@ellislegal.com
jmendozanavarro@ellislegal.com

---

[2] Should the Court require additional information regarding the bases for Defendants' objection, Defendants respectfully request leave to submit briefing on the issue.

3