## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

DWIGHT McDONALD, CHRISTOPHER )
ATKINS and TIMOTHY PROVOST, )
Each Individually and on Behalf )
of All Others Similarly Situated, )
    )    No. 21-cv-6260
    Plaintiffs )
vs. )
    )
M2 MANAGEMENT INC., )
and MICHAEL P. TRAINOR, )
    )
    Defendants )

### DEFENDANTS' 12(b)(4) and 12(b)(5) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants M2 Management, Inc. ("M2" or "M2 Management") and Michael P. Trainor ("Trainor")(collectively, "Defendants") by and through their attorneys, Ellis Legal, P.C. and in support of their 12(b)(4) and 12(b)(5) Motion to Dismiss Plaintiffs' Complaint, state as follows:

### INTRODUCTION

Plaintiffs' attempted service is defective on its face and cannot confer personal jurisdiction over either Defendant, especially M2 Management. The mailing Plaintiffs rely on when stating that service was properly achieved on Defendants was not properly directed to M2 Management or Trainor in any coherent way. The USPS receipt identified the item as being sent to Plaintiff Dwight McDonald—rather than a defendant to this case. The envelope was addressed to Dwight McDonald, with M2 Management written below his name, at a Pittsfield, New Hampshire address. But the summons inside the envelope was addressed to Michael Trainor individually at a different address in Gilford, New Hampshire. The packet also included a blank return of service that identifies no server, no date of service, no method of service, no place of service, and no person served. Trainor Decl., ¶¶ 4–13. That is not proper service.

1

Rule 4 requires more than sending court papers in a confusing envelope that identifies a Plaintiff as the recipient, lists one Defendant beneath that Plaintiff's name, and encloses a summons directed to a different Defendant at a different address. If Plaintiffs intended to serve Trainor individually, they did not do so by personal delivery, abode service, delivery to an authorized agent, or any other method authorized by Rule 4(e). If Plaintiffs intended to serve M2 Management, they did not properly identify M2 Management in the summons. Either way, Plaintiffs failed to effectuate valid service.

Plaintiffs bear the burden of proving sufficient process and effective service. They cannot satisfy that burden here. The attempted service was internally inconsistent, not directed to the proper party in the proper manner, and unsupported by any completed return of service. Because proper service is required before this Court may exercise personal jurisdiction over Defendants, the Complaint should be dismissed pursuant to Rules 12(b)(4) and 12(b)(5). At a minimum, the attempted service should be quashed and Plaintiffs should not be permitted to rely on it as valid service.

## STATEMENT OF FACTS

On February 20, 2026, this Court entered an Order granting Defendants' Rule 60(b)(4) motion, vacating the prior judgment entered against Defendants, reopening the case, and granting Plaintiffs 90 days to serve Defendants with process. ECF No. 41. After requesting an extension of time to serve, Plaintiffs were granted an additional 60 days, up until July 21, 2026, to properly serve Defendants. ECF No. 42 (Motion for Extension of Time to Serve) and 44 (Order Granting Motion for Extension of Time to Serve).

On or about May 27, 2026, Defendant Michael P. Trainor received materials concerning this lawsuit. See Michael P. Trainor Declaration ("Trainor Decl."), ¶ 3, attached as **Exhibit 1**.

Those materials included a USPS receipt/notice, envelope, summons, blank return of service, Complaint, and the Court's February 20, 2026 Order. Trainor Decl., ¶¶ 3, 7.

The USPS receipt/notice stated that the item was addressed to "Dwight McDonald" at "218 Deer Meadow," identified the item as a large envelope, and stated that it was available for pickup on May 27, 2026. Trainor Decl., ¶ 4. The envelope itself was addressed to "Dwight McDonald," with "M2 Management" written below his name, at 218 Deer Meadow Road, Pittsfield, New Hampshire 03263. Trainor Decl., ¶ 5. The envelope did not identify Michael P. Trainor as the recipient. Trainor Decl., ¶ 6.

The envelope contained a summons dated November 22, 2021. Trainor Decl., ¶¶ 7, 9. The summons identified the case as Dwight McDonald, Christopher Atkins, and Timothy Provost v. M2 Management, Inc. and Michael P. Trainor, Case No. 1:21-cv-6260. Trainor Decl., ¶ 8. Unlike the envelope, however, the 2021 summons was addressed to "Michael Trainor" at 1039 Cherry Valley Road, Gilford, New Hampshire 03249—a different address than the one these materials were mailed to. Trainor Decl., ¶ 9.

Accordingly, the recipient and address listed on the envelope were different from the recipient and address listed on the summons. Trainor Decl., ¶ 10. The USPS receipt/notice identified the item as being sent to Dwight McDonald; the envelope was addressed to Dwight McDonald with M2 Management listed below his name; and the summons was addressed to Michael Trainor. Trainor Decl., ¶ 12. Likewise, the envelope listed 218 Deer Meadow Road, Pittsfield, New Hampshire 03263, while the summons listed 1039 Cherry Valley Road, Gilford, New Hampshire 03249. Id.

The packet also included a blank return of service. Trainor Decl., ¶¶ 7, 11. The return of service did not identify any date of service, server, method of service, place of service, person

3

served, or signature of any server. Trainor Decl., ¶ 11. The materials Trainor received did not include a completed return of service identifying any person who served Trainor or M2, any date of service, any method of service, or any person served. Trainor Decl., ¶ 13.

## LEGAL STANDARD AND APPLICABLE LAW

### I. Federal Rule of Federal Procedure 12(b)(4)

A motion to dismiss under Rule 12(b)(4) challenges the form of the summons under Rules 4(a) and 4(b), including "whether the plaintiff has named the proper defendant." *Driessen v. Vabalaitus*, No. 23-cv-45, 2023 WL 3600252, at *1, 2023 U.S. Dist. LEXIS 90340, at *2 (W.D. Wis. May 23, 2023) (citing cases) (cleaned up); *Bilal v. Rotec Indus.*, No. 03 C 9220, 2004 WL 1794918, at *3–4, 2004 U.S. Dist. LEXIS 15488, at *10–11 (N.D. 111. Aug. 4, 2004) (citing 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1353).

Rule 4(a)(1)(B) expressly requires that a summons "be directed to the defendant," and Rule 4(b) provides that "[a] summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." Fed. R. Civ. P. 4(a)(1)(B), 4(b).

When challenging service of process, the plaintiff "bears the burden of showing sufficient process." *Driessen*, 2023 WL 3600252, at *1, 2023 U.S. Dist. LEXIS 90340, at *2-3; see also *Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003) ("The plaintiff bears the burden of showing that personal jurisdiction over the defendant exists.").

### II. Federal Rule of Federal Procedure 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) authorizes a party to file a motion challenging the sufficiency of service of process. *United States v. Park*, 389 F. Supp. 3d 561, 567–68 (N.D. Ill. 2019). "Where there has been insufficient process, the Court does not have personal jurisdiction over a defendant." *Pike v. Decatur Mem'l Hosp.*, No. 1:04-CV-0391, 2005 WL 2100251, at *1

4

(S.D. Ind. Aug. 26, 2005) (noting that "motions pursuant to Rule 12(b)(5) and Rule 12(b)(2) (a motion to dismiss for lack of personal jurisdiction) are interrelated"). When service is challenged, Plaintiffs bear the burden of demonstrating that the Court has jurisdiction over each Defendant through effective service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). That burden is not satisfied merely because a defendant becomes aware of the lawsuit or receives a copy of the summons and complaint. *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008).

In considering a 12(b)(5) motion, the court may receive evidence outside the pleadings, *Chatman v. Condell Med. Ctr.*, No. 99 C 5603, 2002 WL 737051, at *2 (N.D. Ill. Apr. 22, 2002), but "the facts are viewed in the light most favorable to the nonmoving party." *Paget v. Principal Fin. Grp.*, No. 1:12-CV-01575-TWP-MJ, 2013 WL 4413324, at *1 (S.D. Ind. Aug. 14, 2013) (citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997)). Although courts may quash defective service rather than dismiss the action where a reasonable prospect of proper service exists, Plaintiffs still bear the burden of establishing valid service before the Court may exercise personal jurisdiction. *Chatman*, No. 99 C 5603, 2002 WL 737051 at *2.; *Hill v. Sands*, 403 F. Supp. 1368, 1370 (N.D. Ill. 1975).

## III.   Service on an Individual

Federal Rule of Civil Procedure 4(e)(1) allows service on an individual by following the law for service in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Rule 4 also permits individual service by delivering the summons and complaint to the individual personally, leaving copies at the individual's dwelling or usual place of abode, or delivering copies to an authorized agent. Fed. R. Civ. P. 4(e).

Under New Hampshire law, service on an individual generally requires "giving to the defendant or leaving at his abode an attested copy thereof, except in cases otherwise provided for."

N.H. Rev. Stat. Ann. § 510:2. Thus, under the applicable rules and authorities, service on an individual requires personal delivery, abode service, delivery to an authorized agent, or another method expressly authorized by law.

## IV. Service on a Corporation

Rule 4(h) governs service on a corporation. A plaintiff may serve a corporation by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a corporation may be served by following the law governing service in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A).

Under New Hampshire law, service on a corporation may be accomplished by serving the corporation's registered agent. *Doyle v. YMCA of New Hampshire*, 560 F. Supp. 3d 499, 503 (D.N.H. 2021). New Hampshire law also provides that service on a corporation may be made "upon the clerk, treasurer, cashier, or one of the directors, trustees or managers, if any, in the state, and otherwise upon any principal member or stockholder, or upon any agent, overseer or other person having the care of any of the property or charge of any of the business of the corporation." N.H. Rev. Stat. Ann. § 510:14.

**ARGUMENT**

## I. PLAINTIFFS' ATTEMPTED SERVICE WAS DEFECTIVE BECAUSE THE SUMMONS DELIVERED DID NOT CLEARLY INTEND TO SERVE A SPECIFIC DEFENDANT AND WARRANTS RELIEF UNDER RULE 12(b)(4).

Rule 12(b)(4) addresses defects in the process itself, including whether the summons was properly directed to the defendant and whether proper process was issued for the defendant to be

6

served. Fed. R. Civ. P. 12(b)(4). Here, Plaintiffs' attempted process is defective because the receipt, envelope, and summons do not consistently identify the party being served.

The USPS receipt/notice received by Trainor on May 27, 2026 stated that the materials were sent to "Dwight McDonald" at "218 Deer Meadow." Trainor Decl., ¶ 4. The envelope was likewise addressed to "Dwight McDonald," with "M2 Management" written below his name, at 218 Deer Meadow Road, Pittsfield, New Hampshire 03263. Trainor Decl., ¶ 5. The envelope did not identify Michael P. Trainor as the recipient. Trainor Decl., ¶ 6. The summons inside the envelope, however, was addressed to "Michael Trainor" at 1039 Cherry Valley Road, Gilford, New Hampshire 03249. Trainor Decl., ¶ 9. Accordingly, the recipient and address listed on the envelope were different from the recipient and address listed on the summons. Trainor Decl., ¶¶ 10, 12.

This constitutes a defect in process, not merely a defect in the manner of service. Rule 4(a)(1)(B) requires that the summons "be directed to the defendant," and Rule 4(b) separately requires that "[a] summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." Fed. R. Civ. P. 4(a)(1)(B), 4(b). Here, the summons was directed only to "Michael Trainor" individually, while the envelope identified Plaintiff Dwight McDonald as the recipient and listed M2 Management below his name. Trainor Decl., ¶¶ 5, 9, 12.

If Plaintiffs intended to serve M2 Management, the summons was defective because it was not directed to M2 Management or to M2 Management through Trainor as registered agent. If Plaintiffs intended to serve Trainor individually, the envelope and mailing were defective because they were not directed to him. Either way, Plaintiffs failed to issue and direct process in the manner

required by Rule 4(a)(1)(B) and Rule 4(b). See *Driessen*, 2023 WL 3600252, at *1; *Bilal*, 2004 WL 1794918, at *3–4.

Plaintiffs sued both M2 Management and Trainor individually. That makes the defect especially significant. A summons directed only to "Michael Trainor" individually does not become proper process for M2 Management merely because "M2 Management" was written below Plaintiff Dwight McDonald's name on the envelope. The blank return of service only reinforces the defect where the return does not identify any date of service, server, method of service, place of service, person served, or signature of any server. Trainor Decl., ¶ 11. The materials Trainor received did not include a completed return identifying any person who served Trainor or M2, any date of service, any method of service, or any person served. Trainor Decl., ¶ 13. Thus, nothing in the return cures or clarifies the defective process.

Because the summons and mailing do not clearly identify which Defendant was being served, at what address, or in what capacity, Plaintiffs cannot meet their burden of showing sufficient process. The attempted process is defective under Rule 12(b)(4), and dismissal is warranted on that basis alone.

## II. PLAINTIFFS' ATTEMPTED SERVICE ON DEFENDANTS WAS INSUFFICIENT AND WARRANTS RELIEF UNDER RULE 12(b)(5).

Even if the process itself were sufficient—it is not— Plaintiffs' attempted service still fails under Rule 12(b)(5). Plaintiffs bear the burden of demonstrating that the Court has jurisdiction over each Defendant through effective service. *Cardenas*, 646 F.3d at 1005. They cannot satisfy that burden because the attempted mailing did not comply with Rule 4(e) as to Trainor individually or Rule 4(h) as to M2 Management.

**A. Certified Mail Was Not Proper Service on Trainor Individually.**

If Plaintiffs intended to serve Trainor individually, service was improper because certified mail alone is not an authorized method of service on an individual.

Rule 4(e) allows service on an individual by personal delivery, abode service, delivery to an authorized agent, or by following the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e). New Hampshire law generally requires service on an individual by "giving to the defendant or leaving at his abode an attested copy thereof, except in cases otherwise provided for." N.H. Rev. Stat. Ann. § 510:2. Plaintiffs did not personally deliver the summons and Complaint to Trainor. They did not leave an attested copy at Trainor's abode. They did not deliver the summons and Complaint to an agent authorized to receive service on Trainor's behalf. Instead, Plaintiffs appear to have attempted service by certified mail. But federal law, Illinois law, nor New Hampshire law authorize service on an individual by certified mail alone.

The defect is compounded by the fact that the envelope was not even addressed to Trainor. The envelope was addressed to Plaintiff Dwight McDonald, with M2 Management listed beneath his name, at a Pittsfield, New Hampshire address. Trainor Decl., ¶¶ 5–6. The summons inside the envelope was addressed to Trainor individually at a different address in Gilford, New Hampshire. Trainor Decl., ¶ 9. A certified mailing addressed on the outside to someone else and containing a summons directed to Trainor at a different address, does not constitute personal service, abode service, or delivery to an authorized agent.

Nor is Plaintiffs' burden satisfied by the fact that Trainor ultimately received the packet. The service requirement is not satisfied merely because the defendant becomes aware of the lawsuit or receives a copy of the summons and complaint. *Ligas*, 549 F.3d at 500. Proper service

is required to confer personal jurisdiction. *Pike*, 2005 WL 2100251, at \*1. Because Plaintiffs did not serve Trainor by any method authorized by Rule 4(e) or N.H. Rev. Stat. Ann. § 510:2, service on Trainor individually was ineffective.

### B. Plaintiffs Did Not Properly Serve M2 Management.

If Plaintiffs intended to serve M2 Management, the attempted service also failed. M2 Management may be served under Rule 4(h) by delivery to an officer, managing or general agent, or another agent authorized by appointment or law to receive service. Fed. R. Civ. P. 4(h)(1)(B). Alternatively, Plaintiffs could serve M2 by following applicable state law. Fed. R. Civ. P. 4(h)(1)(A). Under New Hampshire law, service on a corporation may be made through its registered agent or through the corporate representatives identified in N.H. Rev. Stat. Ann. § 510:14. *Doyle*, 560 F. Supp. 3d at 503 (recognizing that corporate service may be accomplished under Rule 4(h) by serving an officer or authorized agent, or by complying with applicable state-law service requirements); N.H. Rev. Stat. Ann. § 510:14.

Plaintiffs did not satisfy those requirements. The summons was not directed to M2 Management. It was directed to "Michael Trainor" individually at 1039 Cherry Valley Road, Gilford, New Hampshire 03249. Trainor Decl., ¶ 9. The envelope included "M2 Management" beneath Dwight McDonald's name, but the summons itself did not state that M2 Management was being served through Mike Trainor as its registered agent. Trainor Decl., ¶¶ 5, 9, 12.

Courts distinguish between service on an individual and service on a business or related entity because personal jurisdiction depends on proper service on the defendant actually sued. See *Webster Dictionary Corp. v. Ginzburg*, 70 F.R.D. 412, 413–14 (N.D. Ill. 1975) (holding that service on a business office or related corporation did not confer personal jurisdiction over an individual defendant because the suit was against the individual and process therefore had to be

10

served on him personally). The same principle applies here in reverse: where Plaintiffs intended to serve the corporation, the summons had to be directed to M2 Management through the proper corporate agent, not merely to Trainor individually. Because the summons was directed to Trainor in his individual capacity and the return of service does not identify service on M2 through any authorized corporate representative, Plaintiffs failed to establish valid service on M2 Management.

Thus, the distinction between individual Defendant named in the summons as opposed to corporate Defendant being named in the summons is significant. Plaintiffs sued both M2 Management and Trainor individually. Rule 4(a)(1)(B) requires that a summons "be directed to the defendant," and Rule 4(b) requires that "[a] summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." Fed. R. Civ. P. 4(a)(1)(B), 4(b). Thus, although Mike Trainor may be the proper registered agent for M2, service on him individually is not automatically service on the corporation. Plaintiffs had to direct service to M2 Management through Trainor in his representative capacity as registered agent or otherwise serve M2 through an authorized corporate representative. A summons directed only to "Michael Trainor" individually does not accomplish that.

The blank return of service further confirms the failure of service on M2. The return does not state that M2 Management was served through Trainor as registered agent. It does not identify any officer, managing agent, general agent, registered agent, or other corporate representative served on behalf of M2. It does not identify any method of service or the capacity in which any person was served. Trainor Decl., ¶¶ 11, 13.

Accordingly, Plaintiffs have not shown delivery of the summons and Complaint to an officer, managing agent, general agent, registered agent, or other authorized agent for M2 Management in his representative capacity. They have not shown that the summons was directed

11

to M2 Management through Trainor as registered agent. They have not shown service on any corporate representative identified under N.H. Rev. Stat. Ann. § 510:14. Service on M2 Management was therefore ineffective.

### C. The Blank Return of Service Confirms Plaintiffs Cannot Meet Their Burden Under Rule 12(b)(5).

The defective service packet included a blank return of service. Trainor Decl., ¶¶ 7, 11. The return of service did not identify any date of service, server, method of service, place of service, person served, or signature of any server. Trainor Decl., ¶ 11. The materials Trainor received likewise did not include a completed return identifying any person who served Trainor or M2, any date of service, any method of service, or any person served. Trainor Decl., ¶ 13.

This confirms that Plaintiffs cannot meet their burden under Rule 12(b)(5) as a blank return does not establish service on Trainor individually. Nor does it establish service on M2 Management through Trainor as registered agent where it does not identify whether the attempted service was personal service, abode service, service on a registered agent, or any other authorized method. It does not identify the person served or the capacity in which that person was supposedly served. Because Plaintiffs bear the burden of demonstrating valid service over each Defendant, the blank return further supports dismissal under Rule 12(b)(5). *Cardenas*, 646 F.3d at 1005 (plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service).

### III. THE COMPLAINT SHOULD BE DISMISSED OR, AT MINIMUM, SERVICE SHOULD BE QUASHED.

Plaintiffs' attempted process and service fail under every possible reading. If Plaintiffs intended to serve Trainor individually, the process was internally inconsistent and certified mail was not a proper method of individual service under Rule 4(e) or N.H. Rev. Stat. Ann. § 510:2. If

Plaintiffs intended to serve M2 Management, the summons was defective because it was directed to Trainor individually and did not identify M2 Management as the party being served through Trainor as registered agent. If Plaintiffs intended to serve both Defendants, the mailing did not validly accomplish service on either.

Proper service is required before the Court may exercise personal jurisdiction. *Pike*, 2005 WL 2100251, at \*1. The attempted service here did not provide valid service on Trainor or M2 Management. It was internally inconsistent, not directed to the proper party in the proper capacity, and unsupported by any completed return of service. Accordingly, Defendants respectfully request that the Complaint be dismissed pursuant to Rules 12(b)(4) and 12(b)(5). At a minimum, the attempted service should be quashed, and Plaintiffs should not be permitted to rely on the defective mailing as valid service on either Defendant.

### CONCLUSION

For the foregoing reasons, Defendants M2 Management, Inc. and Michael P. Trainor respectfully request that this Court enter an order dismissing Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). In the alternative, Defendants request that this Court quash Plaintiffs' attempted service and grant any further relief this Court deems just and proper.

Respectfully submitted,

By: /s/ Joyce Mendoza Navarro
*One of Defendants' Attorneys*

John C. Ellis
David DeSchepper
Joyce Mendoza Navarro
ELLIS LEGAL, P.C.
200 West Madison Street, Suite 2670

13

Chicago, Illinois 60606
(312) 967-7629
jellis@ellislegal.com
ddeschepper@ellislegal.com
jmendozanavarro@ellislegal.com

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July 8, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which by its operation will send notification to all counsel of record.

/s/ Joyce Mendoza Navarro

15