# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

DWIGHT McDONALD, CHRISTOPHER )
ATKINS and TIMOTHY PROVOST, )
Each Individually and on Behalf )
of All Others Similarly Situated, )
 )                                    No. 21-cv-6260
                    Plaintiffs )
vs. )
 )
M2 MANAGEMENT INC., )
and MICHAEL P. TRAINOR, )
 )
                    Defendants )

## DECLARATION OF MICHAEL P. TRAINOR

I, Michael P. Trainor, declare as follows:

1.       I make the statements in this Declaration based on my personal knowledge and based on documents I received and reviewed concerning this case. If called upon to do so, I could and would testify competently about these statements.

2.       I am a citizen of the United States, I reside in New Hampshire, and I am a Defendant in this case and was, at the times referenced in the Complaint, the president of M2 Management, Inc. ("M2" or "M2 Management").

3.       On or about May 27, 2026, I received a copy of the receipt/notice, envelope, summons, return of service, Complaint, and February 20, 2026 Order materials concerning this lawsuit. A true and correct copy of these materials are attached as **Exhibit A**, p. 1 (Receipt of Certified Mail).

4.       The USPS receipt/notice, stated that the item was sent to "Dwight McDonald" at "218 Deer Meadow," identified the item as a large envelope and stated that it was available for pickup on May 27, 2026. **Ex. A**, p. 1 (Receipt of Certified Mail).

1

5. The envelope is addressed to "Dwight McDonald," with "M2 Management" written below his name, with the address of 218 Deer Meadow Road, Pittsfield, New Hampshire 03263 listed below. **Ex. A**, p. 2 (Envelope).

6. The envelope does not identify me, Michael P. Trainor, as the recipient. **Ex. A**, p. 2 (Envelope).

7. The envelope contained a copy of an outdated summons (**Ex. A**, p. 3), a blank return of service form (**Ex. A**, p. 4) the complaint in this matter (**Ex. A**, pp. 5-22), and an order (**Ex. A**, pp. 23-24) entered by the Court in this matter on February 20, 2026.

8. The summons identifies this case as Dwight McDonald, Christopher Atkins, and Timothy Provost v. M2 Management, Inc. and Michael P. Trainor, Case No. 1:21-cv-6260. **Ex. A**, p. 3.

9. The summons is addressed to "Michael Trainor" at 1039 Cherry Valley Road, Gilford, New Hampshire 03249 and is dated November 22, 2021. **Ex. A**, p. 3.

10. The recipient and address listed on the envelope are different from the recipient and address listed on the summons.

11. The return of service page is blank. It does not identify any date of service, server, method of service, place of service, person served, or signature of any server. **Ex. A**, p. 4.

12. Based on my receipt and review of the contents in Exhibit A, the mailing I received was internally inconsistent. The USPS receipt/notice identified the item as being sent to Dwight McDonald; the envelope was addressed to Dwight McDonald with M2 Management listed below his name; and the summons was addressed to Michael Trainor. Additionally, the envelope listed 218 Deer Meadow Road, Pittsfield, New Hampshire 03263, while the summons listed 1039 Cherry Valley Road, Gilford, New Hampshire 03249.

Docusign Envelope ID: 9CFCE678-E572-88F2-83FF-E2E9F81EB1FC

13.     The materials I received did not include a completed return of service identifying any person who served me or M2, any date of service, any method of service, or any person served.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 8, 2026, New Hampshire.

Signed by:

Mike Trainor

431982E1BDCD471...

Michael P. Trainor

# EXHIBIT A



**UNITED STATES POSTAL SERVICE** ®          *We Redeliver For You!* ®

Download Informed Delivery® APP to manage your redeliveries.

Sorry we missed you while you were out.

Date: 5-26-26

The item was sent by: _____

It was sent to: Dwight Mcdonald

At this address: 218 Deer Meadow

**About the missed delivery:**

It was a:

_____Package     _____Letter     ☒ Large envelope

☐ USPS® Smart Parcel Locker Eligible
   *(Smaller than 17Hx13Wx23D)*

Available for pickup date: 5-27-26

This is the:

☒ First attempt     ☐ Final notice

**To schedule a redelivery:**

**Scan the QR code or go to**
**usps.com/redelivery**

Article number:

**5293 0673 1659 0949**

We have item/s for you which we could not deliver because:

☐ It requires a payment of $_____ for:
   _____Postage due     _____Customs

☐ Receptacle full/item oversized

☐ No secure location available

☐ No authorized recipient available

☒ Signature required
   _____must be 18+ years old     _____must be 21+ years old

☐ Other: _____

Please see reverse to schedule redelivery or pickup.

PS Form 3849, September 2022

<span style="color:red">**Exhibit A - Page 001**</span>

Case: 1:21-cv-06260 Document #: 45-1 Filed: 07/08/26 Page 7 of 29 PageID #:247

...vel Law Firm
...nancial Centre Pkwy
St...
...ock AR 72211

7020 0640 0001 3021 2095

Retail



RDC 99        03263

U.S. POSTAGE PAID
FCM LG ENV
POTTSVILLE, AR 72858
MAY 20, 2026

$12.42

R2305K131287-01

5.26

Dwight McDonald
M2 Management
218 Deer Meadow Rd
Pittsfield NH 03263

Exhibit A - Page 002

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

Dwight McDonald, Christopher Atkins and
Timothy Provost, Each  Individually and on
Behalf of All Others Similarly Situated

V.

M2 Management, Inc., and Michael P. Trainor

CASE NUMBER:    1:21-cv-6260

ASSIGNED JUDGE:   Hon. Gary Feinerman

DESIGNATED
MAGISTRATE JUDGE: Hon. Susan E. Cox

TO: (Name and address of Defendant)

Michael Trainor
1039 Cherry Valley Road
Gilford, New Hampshire 03249

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Josh Sanford
SANFORD LAW FIRM, PLLC
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
501-221-0088; josh@sanfordlawfirm.com

an answer to the complaint which is herewith served upon you, _____21_____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable
period of time after service.

THOMAS G. BRUTON, CLERK

_____
(By) DEPUTY CLERK



November 22, 2021

_____
DATE

<span style="color:red">**Exhibit A - Page 003**</span>

AO 440  (Rev. 05/00)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

_____

_____

☐  Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                        Date                        *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Exhibit A - Page 004

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DWIGHT McDONALD, CHRISTOPHER**                                **PLAINTIFFS**
**ATKINS and TIMOTHY PROVOST,**
**Each Individually and on Behalf**
**of All Others Similarly Situated**


vs.                                    No. 1:21-cv-6260


**M2 MANAGEMENT, INC.,**                                       **DEFENDANTS**
**and MICHAEL P. TRAINOR**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Dwight McDonald, Christopher Atkins and Timothy Provost (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for their Original Complaint—Collective Action ("Complaint") against Defendants M2 Management, Inc., and Michael P. Trainor (collectively "Defendant" or "Defendants"), state and allege as follows:

### I.       PRELIMINARY STATEMENTS

1.       This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendants for violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").

2.       Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of

Exhibit A - Page 005

Defendants' policy and practice of failing to pay proper overtime compensation under the FLSA, the IMWL and the IWPCA.

## II.     JURISDICTION AND VENUE

3.      The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      This Complaint also alleges IMWL and IWPCA violations which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's IMWL and IWPCA claims pursuant to 28 U.S.C. § 1367(a).

5.      A substantial part of the events or omissions giving rise to the claims complained of herein were committed and had their principal effect against Plaintiffs within the Eastern Division of the Northern District of Illinois; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

6.      Plaintiff Dwight McDonald ("McDonald") is an individual and resident of Fort Bend County, Texas.

7.      Plaintiff Christopher Atkins ("Atkins") is an individual and resident of Galveston County, Texas.

8.      Plaintiff Timothy Provost ("Provost") is an individual and resident of Harris County, Texas.

9.      Separate Defendant M2 Management, Inc. ("M2 Management"), is a New Hampshire for-profit corporation.

Exhibit A - Page 006

10. M2 Management's registered agent for service of process is Mike Trainor, at 1039 Cherry Valley Road, Gilford, New Hampshire 03249.

11. Separate Defendant Michael P. Trainor ("Trainor") is an individual and resident of New Hampshire.

12. Defendants, in the course of business, maintain a website at http://m2management.org/.

## IV. FACTUAL ALLEGATIONS

13. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Defendants own and operate an industrial and commercial project management and consulting corporation.

15. Trainor is a principal, director, officer, and/or owner of M2 Management.

16. Trainor took an active role in operating M2 Management and in the management thereof.

17. Trainor, in his role as an operating employer of M2 Management, had the power to hire and fire Plaintiffs, supervised Plaintiffs' work and determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

18. Trainor, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy, and the day-to-day job duties that Plaintiffs' jobs entailed.

19. M2 Management acted as the employer of Plaintiffs and is and has been engaged in interstate commerce as that term is defined under the FLSA.

Exhibit A - Page 007

20. Trainor acted as the employer of Plaintiffs and is and has been engaged in interstate commerce as that term is defined under the FLSA.

21. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as tools, paint, materials, and equipment.

22. Defendants' annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separated stated) in each of the three years preceding the filing of the Original Complaint.

23. Defendants employed McDonald as a Foreman from November of 2018 to September of 2021.

24. Defendants classified McDonald as an independent contractor, exempt from the overtime requirements of the FLSA, and paid him an hourly wage.

25. Defendants employed Atkins as an Industrial Painter from about September of 2019 to September of 2021.

26. Defendants classified Atkins as an independent contractor, exempt from the overtime requirements of the FLSA, and paid him an hourly wage.

27. Defendants employed Provost as an Industrial Painter in September of 2021.

28. Defendants classified Provost as an independent contractor, exempt from the overtime requirements of the FLSA, and paid him an hourly wage.

**Exhibit A - Page 008**

29.     As part of Plaintiffs' employment with Defendants, Plaintiffs traveled across the country to perform work, such industrial painting and coating, pressure washing, and sandblasting.

30.     Throughout September of 2021, Plaintiffs worked at one such worksite in Chicago.

31.     At all times relevant herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, the IMWL, and the IWPCA.

32.     Defendants also employed other Traveling Hourly Employees within the three years preceding the filing of this lawsuit.

33.     At all relevant times herein, Defendants hired Plaintiffs and other Traveling Hourly Employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

34.     Defendant classified Plaintiffs and other Traveling Hourly Employees as independent contractors.

35.     Plaintiffs regularly worked over forty hours per week while working for Defendants.

36.     Upon information and belief, other Traveling Hourly Employees had similar schedules as Plaintiffs and also regularly or occasionally worked over forty hours per week.

37.     Defendants failed to pay Plaintiffs and other Traveling Hourly Employees an overtime rate for hours worked over forty each week. Instead, Defendant paid Plaintiffs

Exhibit A - Page 009

and other Traveling Hourly Employees their regular hourly rate for all recorded hours worked, including those past forty per week.

38.     McDonald also regularly worked hours which went unrecorded and uncompensated.

39.     Specifically, McDonald was not paid for the time he spent putting equipment in a storage facility for Defendants, cleaning the storage facility, and going to the storage facility one or twice per week to check on and maintain the equipment from about March of 2021 until September of 2021.

40.     McDonald estimates that he spent approximately 2 to 3 hours per week cleaning the storage facility and maintaining the equipment stored at the facility.

41.     Plaintiffs' and other Traveling Hourly Employees' work followed the usual path of employer-employee relationships; Defendants classified them as independent contractors only for tax purposes and for Defendant's convenience.

42.     Defendant, at all times relevant hereto, knew that Plaintiff and other Traveling Hourly Employees were acting as employees, rather than as independent contractors, and treated them as employees.

43.     Defendants set Plaintiffs' and other Traveling Hourly Employees' schedules. Plaintiffs and other Traveling Hourly Employees were required to arrive at work at specific times and remain until their scheduled shift was over.

44.     If Plaintiffs or other Traveling Hourly Employees were tardy too many times, Defendant would discipline Plaintiffs and other Traveling Hourly Employees.

45.     Defendants required Plaintiff and other Traveling Hourly Employees to satisfy whatever needs and requirements Defendants and Defendants' customers had.

Exhibit A - Page 010

46.     Defendants expected Plaintiff and other Traveling Hourly Employees to follow Defendants' policies regarding their employment.

47.     Plaintiffs and other Traveling Hourly Employees were required to complete the tasks Defendants assigned to them or risk being disciplined, including termination.

48.     Plaintiffs and other Traveling Hourly Employees did not manage Defendants' enterprise or a customarily recognized subdivision of the enterprise.

49.     Plaintiffs and other Traveling Hourly Employees did not exercise discretion and independent judgment with respect to any matters of significance.

50.     Plaintiffs and other Traveling Hourly Employees were hired to work for Defendant for a continuous and ongoing period of time.

51.     Though McDonald occasionally vetted and recommended potential employees for hire, Defendants had the final authority in selecting employees for hire.

52.     Atkins, Provost, and other Traveling Hourly Employees did not select any employees for hire, nor did they have any ability to fire employees.

53.     Though McDonald kept written records of the hours worked by himself and other employees and supervised the on-site work of other employees, the hours worked by each employee, including McDonald, were determined by the job assignments given by Defendants.

54.     Plaintiffs and other Traveling Hourly Employees regularly and customarily worked at job sites assigned by Defendants.

55.     Defendants determined Plaintiffs' and other Traveling Hourly Employees' pay scale for services without input from or negotiation with Plaintiff and other Traveling Hourly Employees.

Exhibit A - Page 011

56.     Defendants made decisions on advertising Defendants' business without Plaintiffs' and other Traveling Hourly Employees' input.

57.     Defendants made decisions on what new business to pursue or take without Plaintiffs' and other Traveling Hourly Employees' input.

58.     Plaintiffs and other Traveling Hourly Employees did not negotiate contracts or prices with Defendants' customers.

59.     Defendants directed Plaintiffs and other Traveling Hourly Employees.

60.     Plaintiffs and other Traveling Hourly Employees had no opportunity to share in Defendants' profits.

61.     Plaintiffs and other Traveling Hourly Employees did not share in Defendants' losses.

62.     Plaintiffs and other Traveling Hourly Employees had no investment in Defendants' business or operations.

63.     Plaintiffs and other Traveling Hourly Employees used equipment provided by Defendant in carrying out their duties.

64.     Plaintiffs and other Traveling Hourly Employees routinely used tools, materials, equipment, and paint in carrying out their duties. Thus, they used, handled, sold, and/or worked on goods or materials that were produced for or traveled in interstate commerce.

65.     McDonald's employment with Defendants ended in September of 2021.

66.     Defendant failed to pay McDonald his final paycheck for his last approximately one to two weeks of work.

Exhibit A - Page 012

67.     Because McDonald received no wages for the final approximately one to two weeks of work, Defendant failed to pay McDonald a proper minimum wage for all hours worked during that period.

68.     Atkins' employment with Defendants ended in September of 2021.

69.     Defendant failed to pay Atkins his final paycheck for his last approximately three to four weeks of work.

70.     Because Atkins received no wages for the final approximately three to four weeks of work, Defendant failed to pay Atkins a proper minimum wage for all hours worked during that period.

71.     Provost's employment with Defendants ended in September of 2021.

72.     Defendant failed to pay Provost his final paycheck for his last approximately one to two weeks of work.

73.     Because Provost received no wages for the final approximately one to two weeks of work, Defendant failed to pay Provost a proper minimum wage for all hours worked during that period.

74.     Defendants failed to pay Plaintiffs a proper minimum wage for all hours worked up to forty per week and failed to pay Plaintiffs a proper overtime wage for all hours worked over forty per week.

75.     Upon information and belief, McDonald worked over 40 hours, and therefore incurred damages, in most weeks, including without limitation, each of the following weeks in 2021: August 29, September 5, September 12, September 19 and September 26.

Exhibit A - Page 013

76.     Upon information and belief, Atkins worked over 40 hours, and therefore incurred damages, in most weeks, including without limitation, each of the following weeks in 2021: August 29, September 5, September 12, September 19 and September 26.

77.     Upon information and belief, Provost worked over 40 hours, and therefore incurred damages, in most weeks, including without limitation, each of the following weeks in 2021: August 29, September 5, September 12, September 19 and September 26.

78.     Defendants failed to pay Plaintiffs and other Traveling Hourly Employees 1.5 times their regular rate of pay for all hours worked over 40 per week.

79.     Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

80.     Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

81.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be paid wages by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked over forty in any week;

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

Exhibit A - Page 014

82. Plaintiff proposes the following collective under the FLSA:

**All Traveling Hourly Employees who received payment
within the past three years for work performed in any
week in which they worked over forty hours.**

83. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

84. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

85. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were paid on an hourly basis;

B. They worked over forty hours in at least one week;

C. They were subject to Defendants' common policy of misclassifying them as independent contractors;

D. They were subject to Defendants' common policy of failing to pay a proper overtime rate for hours worked over forty in a week; and

E. They were subject to the many other policies and practices enumerated above.

86. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 10 persons.

87. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

Exhibit A - Page 015

88.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

89.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

90.     Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

91.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

92.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

93.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

94.     Defendants misclassified Plaintiffs as independent contractors and as exempt from the overtime requirements of the FLSA.

95.     Defendants failed to pay Plaintiffs a sufficient overtime premium for all hours worked over forty each week.

96.     Defendants failed to pay Plaintiffs for all hours worked.

97.     Defendants failed to pay Plaintiffs a lawful minimum wage for all hours worked.

98.     Defendants knew or should have known their actions violated the FLSA.

Exhibit A - Page 016

99.     Defendants' conduct and practices, as described above, were willful.

100.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorney's fees, provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

101.    Defendant have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

102.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collection Action Claim for Violation of the FLSA)

103.    Plaintiffs repeat and reallege all previous paragraphs of this Original Complaint as though fully incorporated herein.

104.    Plaintiffs bring this action on behalf of all other similarly situated individuals to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty each week.

Exhibit A - Page 017

105. Plaintiffs bring this action each individually and on behalf of all other Traveling Hourly Employees classified as independent contractors, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

106. 29 U.S.C. § 207 requires employers to pay each employee 1.5 times the employee's regular rate for all hours that the employee works in excess of 40 hours per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

107. Defendants misclassified Plaintiffs and other Traveling Hourly Employees as independent contractors and as exempt from the overtime requirements of the FLSA.

108. Defendants failed to pay Plaintiff and other similarly situated employees at the proper overtime rate for all hours worked in excess of forty hours in a week, despite their entitlement thereto.

109. Defendant's conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary, and in bad faith.

110. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

111. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

Exhibit A - Page 018

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the IMWL)

112.    Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

113.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

114.    During the time Plaintiffs performed work in Illinois, Defendants were Plaintiffs' "employer" within the meaning of the IMWL, 820 ILCS 105/3.

115.    IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5 times their regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

116.    Defendants failed to pay Plaintiffs for all hours worked while the Plaintiffs performed work in Illinois.

117.    Defendants failed to pay Plaintiffs a sufficient overtime premium for all hours worked over forty in each week they worked in Illinois.

118.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

119.    By reason of the unlawful acts alleged in the Complaint, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

Exhibit A - Page 019

120. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### IX. FOURTH CLAIM FOR RELIEF
#### (Individual Claim for Violation of the IWPCA)

121. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

122. Plaintiffs assert this claim for damages and declaratory relief pursuant to the IWPCA, 820 ILCS 115/1, *et seq*.

123. At all relevant times, Defendants were Plaintiffs' employers for the purposes of the IWPCA, 820 ILCS 115/2.

124. The IWPCA requires employers to "pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

125. Plaintiffs' employment with Defendants ended in September of 2021, but Defendants have failed to pay Plaintiffs all wages due to them.

126. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee. 820 ILCS 115/14.

### X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Dwight McDonald, Christopher Atkins and Timothy Provost, each individually and on behalf of all others similarly situated, respectfully pray as follows:

Exhibit A - Page 020

A.      That each Defendant be summoned to appear and answer this Complaint;

B.      That Defendants be required to account to Plaintiffs, the collective action members and the Court for all the hours worked by them and all monies paid to them;

C.      Declaratory judgment that Defendant's practice alleged in this Complaint violate the FLSA, the IMWL, the IWPCA and their related regulations;

D.      Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.      Judgment for damages suffered by Plaintiffs and all others similarly situated for all unpaid overtime wages under the FLSA, the IMWL, the IWPCA and their related regulations;

F.      Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the IMWL and their related regulations;

G.      An order directing Defendants to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee, and all costs connected with this action; and

H.      Such other and further relief as this Court may deem just and proper.

Exhibit A - Page 021

Respectfully submitted,

**DWIGHT McDONALD, CHRISTOPHER ATKINS and TIMOTHY PROVOST, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

**Exhibit A - Page 022**

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Dwight McDonald, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 21-cv-6260 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| M2 Management Inc. and Michael | ) | |
| Trainor | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendants' Federal Rule of Civil Procedure 60(b)(4) motion to vacate the judgment entered against them on the grounds that they were not properly served with process. For the reasons that follow, the Court grants Defendants' motion [30] and reopens this case. The Court grants Plaintiffs 90 days to serve the Defendants with process in this case. The Court sets a joint status conference for May 28, 2026 with an initial joint status report to be filed by May 26, 2026.

**STATEMENT**

On November 22, 2021, Plaintiffs filed this putative class action against Defendants alleging that they violated the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act. The Court granted three extensions to the deadline for service of process, ultimately authorizing service by publication. Following service by publication, Defendants did not appear. The Court subsequently entered default and a default judgment against the Defendants.

Defendants move to vacate the default judgment on the grounds that service of process by publication was improper. "The burden is on the defendant to show that the judgment is void for lack of service of process." *Fed. Equip. Corp. v. Puma Indus. Co.*, 182 F.R.D. 565, 567 (N.D. Ill. 1998) (citing *Trustees of Cent. Laborers' Welfare Fund v. Lowery,* 924 F.2d 731, 732 n. 2 (7th Cir.1991); *Bally Export Corp. v. Balicar,* 804 F.2d 398, 404 (7th Cir.1986)).

Service of process must satisfy the constitutional requirements of Due Process to be effective. "[T]he Due Process Clause demands a diligent search before attempting notice by publication." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950). The Court is not convinced on the record before it that a diligent search occurred. Plaintiffs provide only one admissible affidavit regarding their attempts to perfect service, which indicates only that they

1

Exhibit A - Page 023

attempted personal service on Defendant Trainor at one address, could not locate him, and were informed he had moved. ECF No. 37-2. There is no admissible evidence that the Plaintiffs used any other reasonable methods to attempt to ascertain the address of Trainor or M2. The record reflects that Plaintiffs considered service at Lot 29 Diamond Ledge Road, Thornton, New Hampshire. ECF No. 37-4.[1] However, there is no evidence that service was attempted at that address. While Plaintiffs submit evidence that construction at that lot had not started at the time that service was attempted, ECF No. 37-7, Defendants put forward unrebutted evidence that the property had a container office and mailbox on site and was in operational use for M2's business activity, and that Trainor was frequently present at the location, ECF No. 40-1 at ¶¶ 3–10. Given this unrebutted evidence and Plaintiffs' failure to search for an alternative address for the Defendants, Plaintiffs' search was not sufficiently diligent to justify service by publication. *Cunningham v. Montes*, 883 F.3d 688, 690 (7th Cir. 2018) (finding it was not reasonably diligent, under Wisconsin law, to attempt service at only one address and to fail to attempt service at a known address of the defendant). Accordingly, service by publication was not constitutionally authorized, and the Court vacates the default judgment previously entered in this case.

**SO ORDERED.**

**ENTERED: February 20, 2026**

_____
**HON. JORGE ALONSO**
**United States District Judge**

---

[1] This email is admissible against the Plaintiffs as a statement of a party opponent.

2