IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DWIGHT MCDONALD, CHRISTOPHER**　　　　　　　　　　**PLAINTIFFS**
**ATKINS and TIMOTHY PROVOST,**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.　　　　　　　　　　　　No. 1:21-cv-6260

**M2 MANAGEMENT, INC.,**　　　　　　　　　　　　**DEFENDANTS**
**and MICHAEL P. TRAINOR**

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' 12(b)(4) AND 12(b)(5) MOTION TO DISMISS

Plaintiffs Dwight McDonald, Christopher Atkins and Timothy Provost (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, for their Response in Opposition to Defendants' 12(b)(4) and 12(b)(5) Motion to Dismiss ("Response"), state as follows:

### I.  INTRODUCTION

Defendants' Motion asks this Court to dismiss this case for insufficient service thirteen days before the service deadline this Court set had even expired. On May 27, 2026, this Court granted Plaintiffs' motion for an extension of time to serve Defendants, over Defendants' objection, finding that "Plaintiffs are making progress toward effectuating service" and that "under the circumstances, the Court finds good cause for the reasonable extension they have requested." ECF No. 44. The Court ordered that "Plaintiffs shall accomplish service no later than 7/21/26." *Id.* Six weeks later, Defendants filed the instant Motion attacking a certified mailing as though that mailing were Plaintiffs'

Page 1 of 11
Dwight McDonald, et al. v. M2 Management, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260
Plaintiffs' Response in Opposition to Defendants'
12(b)(4) and 12(b)(5) Motion to Dismiss

attempt to effectuate service. It was not. Service has now been accomplished: on July 20, 2026, within the period this Court allowed, a private process server personally served both Defendants.

As Plaintiffs explained in the very motion this Court granted, the certified mailings were sent to further ensure notice to Defendants while Plaintiffs' formal service efforts proceeded. ECF No. 42, ¶ 3. Those formal efforts have now succeeded: on July 20, 2026, within the Court-ordered service period, a private process server personally served Defendant Trainor, individually and as registered agent for service of process of Defendant M2 Management, Inc. Defendants' Motion thus attacks a courtesy mailing that was never held out as service, while the service that counts was timely accomplished within the very period Defendants asked this Court to cut short.

The Motion should be seen for what it is: the latest installment in Defendant Trainor's years-long campaign to avoid service while remaining fully informed of, and actively litigating, this lawsuit. Trainor moved without a forwarding address when personal service was first attempted. He disputed that service could be accomplished at his Thornton, New Hampshire business property, even though this Court found, based on Defendants' own evidence, that the property "had a container office and mailbox on site and was in operational use for M2's business activity, and that Trainor was frequently present at the location." ECF No. 41 at 2. He has registered 218 Deer Meadow Road, Pittsfield, New Hampshire as his address of record for service of court documents in his own active federal lawsuit, ECF No. 42, ¶ 5 and Ex. 1, yet complains here that a mailing arrived at that very address. And he has now litigated this case through retained counsel

Page 2 of 11
Dwight McDonald, et al. v. M2 Management, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260
Plaintiffs' Response in Opposition to Defendants'
12(b)(4) and 12(b)(5) Motion to Dismiss

twice, first through a successful Rule 60(b)(4) motion and now through a fifteen-page motion to dismiss, all while insisting he cannot be found.

The Motion was premature when filed and is now moot. Service has been accomplished within the period this Court allowed, and the operative service is the July 20, 2026, personal service, not the mailing Defendants attack. At most, the relief available to Defendants would be an order quashing the challenged mailing, which would have no practical effect. The Motion should be denied.

## II. BACKGROUND

Plaintiffs filed this putative collective and class action on November 22, 2021, alleging violations of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act. ECF No. 1. After Plaintiffs' initial attempts at personal service failed because Trainor had moved, this Court authorized service by publication, and Defendants failed to appear. The Court entered default and default judgment against Defendants.

On February 20, 2026, on Defendants' Rule 60(b)(4) motion, this Court vacated the default judgment, reopened the case, and granted Plaintiffs 90 days to serve Defendants. ECF No. 41. In doing so, the Court noted Defendants' own unrebutted evidence that the Thornton, New Hampshire property Plaintiffs had considered for service "had a container office and mailbox on site and was in operational use for M2's business activity, and that Trainor was frequently present at the location." *Id.* at 2.

Following the February 20 Order, Plaintiffs retained process servers and directed service efforts to the addresses reasonably associated with Trainor, including 218 Deer Meadow Road, Pittsfield, New Hampshire, a property owned by Trainor where he is

Page 3 of 11
Dwight McDonald, et al. v. M2 Management, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260
Plaintiffs' Response in Opposition to Defendants'
12(b)(4) and 12(b)(5) Motion to Dismiss

believed to reside, and 53 Diamond Ledge Road, Thornton, New Hampshire, the property associated with M2's business operations. ECF No. 42, ¶ 3. Plaintiffs also sent certified mail to those addresses to further ensure notice to Defendants while formal service efforts continued. *Id.* When the process servers proved unable to complete service, Plaintiffs engaged the Merrimack County Sheriff's Department and the Grafton County Sheriff's Department to effectuate service. *Id.* ¶ 4.

Notably, Defendant Trainor is presently the plaintiff in his own active federal lawsuit, *Trainor v. McDonald*, Case No. 1:26-cv-00024-SM-TSM (D.N.H.), in which he has registered 218 Deer Meadow Road, Pittsfield, New Hampshire 03263 as his address of record for service of court documents. ECF No. 42, ¶ 5 and Ex. 1.

On May 20, 2026, Plaintiffs moved for an extension of time to complete service. ECF No. 42. Defendants objected. On May 27, 2026, this Court granted the extension over Defendants' objection, expressly finding that Plaintiffs are making progress toward effectuating service and that good cause exists for the extension, and ordered that service be accomplished no later than July 21, 2026, with a joint status report due July 27, 2026, and a telephonic status hearing set for July 30, 2026. ECF No. 44.

On July 8, 2026, with nearly two weeks remaining in the Court-ordered service period, Defendants filed the instant Motion. ECF No. 45. Despite Plaintiffs' repeated follow-up, the sheriffs' departments were unable to complete service. Plaintiffs therefore retained a new private process server, as Rule 4(c)(2) permits, and on July 20, 2026, within the Court-ordered service period, the process server personally served Defendant Trainor, individually and as registered agent for service of process of Defendant M2 Management, Inc., with the Summonses issued by the Clerk of this Court and the

**Page 4 of 11**
**Dwight McDonald, et al. v. M2 Management, Inc., et al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260**
**Plaintiffs' Response in Opposition to Defendants'**
**12(b)(4) and 12(b)(5) Motion to Dismiss**

Complaint. Plaintiffs' proof of service will be filed promptly upon receipt of the executed return from the process server.

## III.  ARGUMENT

### A.  THE MOTION WAS PREMATURE WHEN FILED AND IS NOW MOOT BECAUSE SERVICE WAS ACCOMPLISHED WITHIN THE COURT-ORDERED SERVICE PERIOD.

Rule 4(m) provides that if a defendant is not served within the time allowed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). This Court has already done the latter: it ordered that service be made by July 21, 2026, upon an express finding of good cause. ECF No. 44. Defendants filed their Motion on July 8, 2026, thirteen days before that deadline. The Motion was therefore premature the day it was filed, and events have since overtaken it entirely: on July 20, 2026, within the period this Court allowed, Plaintiffs personally served both Defendants. A motion premised on Plaintiffs' supposed failure to effectuate service cannot survive the fact that service was timely effectuated.

Defendants' Motion is, in substance, a collateral attack on this Court's May 27 Order. Defendants objected to the extension; the Court granted it anyway, finding good cause and finding that Plaintiffs are making progress toward effectuating service. ECF No. 44. Defendants cannot relitigate that determination by reframing their objection as a motion to dismiss filed in the middle of the very service period the Court just granted. That is precisely what has occurred: service was completed on July 20, 2026, within the period the Court granted, and every argument in Defendants' Motion is moot, because the operative service is the July 20 personal service, not the mailing Defendants attack. Nor does it matter whether the executed return reaches the docket before the service deadline

**Page 5 of 11**
**Dwight McDonald, et al. v. M2 Management, Inc., et al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260**
**Plaintiffs' Response in Opposition to Defendants'**
**12(b)(4) and 12(b)(5) Motion to Dismiss**

runs, because "[f]ailure to prove service does not affect the validity of service." Fed. R. Civ. P. 4(l)(3). The Motion should be denied on that basis alone.

The timing of the Motion confirms as much. By Trainor's own account, he retrieved the mailing Defendants now attack on or about May 27, 2026, the very day this Court found that Plaintiffs are making progress toward effectuating service and extended the service deadline over Defendants' objection. ECF No. 45-1, ¶ 3; ECF No. 44. Defendants then sat on their objections for six weeks, filing nothing until July 8, 2026, with less than two weeks remaining in the service period. A motion genuinely directed at the sufficiency of a May 27 mailing could have been filed in early June. A motion filed instead on the eve of the service deadline is not an effort to test the sufficiency of service; it is an effort to run out the clock on the very period this Court granted.

**B.     THE MAILING DEFENDANTS ATTACK WAS A COURTESY NOTICE, NOT PLAINTIFFS' EFFORT TO EFFECTUATE FORMAL SERVICE.**

The entire premise of Defendants' Motion is mistaken. Defendants devote fifteen pages to the proposition that a certified mailing received on May 27, 2026, did not constitute valid service under Rule 4(e), Rule 4(h), or New Hampshire law. But Plaintiffs have never contended that the certified mailing itself effectuated service. As Plaintiffs told this Court in their motion for extension of time, filed before Trainor even retrieved the mailing he now complains of, the certified mailings were sent "to further ensure notice to Defendant" while Plaintiffs' formal service efforts, first through process servers, then through the county sheriffs, and ultimately through the private process server who completed personal service on July 20, 2026, proceeded. ECF No. 42, ¶¶ 3–4.

Defendants are thus attacking a mailing that was never held out as service. The materials enclosed with that mailing, including the Complaint and this Court's February

Page 6 of 11
Dwight McDonald, et al. v. M2 Management, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260
Plaintiffs' Response in Opposition to Defendants'
12(b)(4) and 12(b)(5) Motion to Dismiss

20 Order, served their intended purpose: they ensured that Defendants had full and current notice of the reopened proceedings. The blank return of service Defendants make so much of confirms the point. A party attempting to pass off a certified mailing as completed service would have filed a return; Plaintiffs filed none, because the mailing was not Plaintiffs' service effort. Plaintiffs' service effort is the personal service completed on July 20, 2026, within the period this Court allowed.

Because Defendants' Rule 12(b)(4) and 12(b)(5) arguments are all directed at process and a method of transmission that Plaintiffs do not rely upon as service, the Motion attacks a straw man and should be denied.

## C. THE SUMMONSES ISSUED IN THIS CASE REMAIN VALID PROCESS, AND ANY CLAIMED DEFECT OF FORM IS CURABLE AND NON-PREJUDICIAL.

Defendants suggest that the summons enclosed in the courtesy mailing was "outdated" because it was issued in November 2021. *See* ECF No. 45-1, ¶ 7. Defendants cite no rule, statute, or case holding that a summons duly issued by the Clerk of this Court expires with the passage of time, because there is none. Rule 4 imposes time limits on service, not on the validity of issued process, and this Court has extended the time for service through July 21, 2026. The summonses issued by the Clerk in this case correctly identify this Court, this case, the case number, the parties, Plaintiffs' counsel, and the obligation to respond. That is what Rule 4(a)(1) requires.

Even if any aspect of the form of the summonses could be criticized, the remedy is amendment, not dismissal. Rule 4(a)(2) expressly provides that the court may permit a summons to be amended, and objections to the sufficiency of process must be specific and must identify how the plaintiff failed to satisfy the requirements of the service provision utilized. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1400 (7th Cir. 1993)

**Page 7 of 11**
**Dwight McDonald, et al. v. M2 Management, Inc., et al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260**
**Plaintiffs' Response in Opposition to Defendants'**
**12(b)(4) and 12(b)(5) Motion to Dismiss**

(quoting *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986)). Defendants identify no prejudice from any claimed defect of form, nor could they: they possess the Complaint, they possess this Court's orders, they have retained counsel, and they have now filed two substantive motions in this case. Indeed, in *O'Brien* itself, the Seventh Circuit considered a facsimile summons that lacked even the impressed seal of the court and observed that it was an open question whether that defect alone would invalidate service, because "the clerk's signature assures the defendant that the summons was properly issued by the court." 998 F.2d at 1400. The summonses here bear no comparable defect: they are the originals duly issued by the Clerk of this Court, and they are the same summonses the process server delivered to each Defendant on July 20, 2026, including to M2 Management, Inc. through Trainor, its registered agent. Any argument about the age or form of that process is therefore meritless or, at most, grounds for amendment under Rule 4(a)(2), not dismissal.

## D. DEFENDANTS' YEARS OF EVASION AND FULL ACTUAL NOTICE FORECLOSE THE RELIEF THEY SEEK.

Defendants correctly note that actual notice is not a substitute for service. *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). Plaintiffs do not contend otherwise; that is why Plaintiffs pressed their formal service efforts through to completion on July 20, 2026. But Defendants' conduct and knowledge are highly relevant to the questions actually before the Court: whether dismissal is an appropriate remedy, whether good cause supports the time this Court has allowed for service, and whether any further relief is warranted.

The record establishes a consistent pattern. Plaintiffs' original attempts at personal service failed because Trainor had moved and could not be located. ECF No. 41 at 1–2.

Page 8 of 11
Dwight McDonald, et al. v. M2 Management, Inc., et al.
U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260
Plaintiffs' Response in Opposition to Defendants'
12(b)(4) and 12(b)(5) Motion to Dismiss

When Plaintiffs considered service at the Thornton property, Defendants later established, in support of their own Rule 60 motion, that the property was in operational use for M2's business and that Trainor was frequently present there. *Id.* at 2. Trainor has affirmatively registered 218 Deer Meadow Road as his address of record for receiving service of court documents in his own pending federal lawsuit, ECF No. 42, ¶ 5 and Ex. 1, and certified mail directed to that address was in fact received. ECF No. 45-1, ¶¶ 3–4. Trainor is simultaneously the registered agent for service of process for M2 Management. ECF No. 1, ¶ 10. A defendant who is the corporate registered agent, who broadcasts his service address to a federal court when he is the plaintiff, and who retains counsel to litigate this case on the merits of service, is not a defendant who cannot be served. He is a defendant who will not be served, and the law does not reward that posture with dismissal. That it ultimately required successive efforts by private process servers, two county sheriffs' departments, and finally a second private process server before service could be accomplished on July 20, 2026, only confirms the point.

This is particularly true where, as here, Defendants have complete, current, and demonstrated knowledge of the proceedings. Defendants' counsel appeared and obtained vacatur of the default judgment in February. Defendants received the Complaint, the summons, and this Court's February 20 Order in May. ECF No. 45-1, ¶¶ 3, 7. And Defendants filed the instant fifteen-page Motion in July. Whatever else may be said, no Defendant in this case is at risk of being haled into court without notice of the claims against him.

**Page 9 of 11**
**Dwight McDonald, et al. v. M2 Management, Inc., et al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260**
**Plaintiffs' Response in Opposition to Defendants'**
**12(b)(4) and 12(b)(5) Motion to Dismiss**

**E.     AT MOST, THE APPROPRIATE REMEDY WOULD BE QUASHAL, NOT DISMISSAL.**

Even where a court finds service insufficient, dismissal does not follow where a reasonable prospect exists that the defendant can be properly served. In that circumstance, courts in this District quash the challenged service and allow service efforts to proceed, a principle Defendants' own authorities recognize. *See Chatman v. Condell Med. Ctr.*, No. 99 C 5603, 2002 WL 737051, at *2 (N.D. Ill. Apr. 22, 2002) (cited at ECF No. 45 at 5); *Hill v. Sands*, 403 F. Supp. 1368, 1370 (N.D. Ill. 1975) (same).

Here, the analysis is even more straightforward, because service has been accomplished. On July 20, 2026, within the Court-ordered service period, Plaintiffs personally served both Defendants. Quashing of the courtesy mailing would therefore accomplish nothing, because Plaintiffs do not rely upon the mailing as service, and the prospect of proper service is no longer merely reasonable; it is a completed fact. This Court found on May 27, 2026, that Plaintiffs were making progress toward effectuating service, ECF No. 44, and that progress culminated in timely service. Dismissal under these circumstances would be improper.

Dismissal would also carry consequences far beyond the "without prejudice" label Defendants would attach to it. This action was filed in November 2021 and asserts claims under the FLSA and Illinois wage statutes. A dismissal now, followed by refiling, would raise substantial limitations issues and would operate, as a practical matter, as a dismissal with prejudice of claims this Court reopened only five months ago. The balance of hardships weighs decisively against dismissal: Defendants, who possess complete notice and are represented by counsel, would suffer no cognizable prejudice from answering claims of which they have had complete notice and which have now been

**Page 10 of 11**
**Dwight McDonald, et al. v. M2 Management, Inc., et al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260**
**Plaintiffs' Response in Opposition to Defendants'**
**12(b)(4) and 12(b)(5) Motion to Dismiss**

timely served upon them, while Plaintiffs and the putative collective would risk forfeiting their claims entirely because a defendant successfully made himself difficult to serve for as long as he could.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' 12(b)(4) and 12(b)(5) Motion to Dismiss in its entirety. In the alternative, Plaintiffs request that any relief be limited to an order quashing the challenged courtesy mailing, which Plaintiffs have never relied upon as service, and that the Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

**DWIGHT McDONALD, CHRISTOPHER ATKINS and TIMOTHY PROVOST, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 11 of 11**
**Dwight McDonald, et al. v. M2 Management, Inc., et al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:21-cv-6260**
**Plaintiffs' Response in Opposition to Defendants'**
**12(b)(4) and 12(b)(5) Motion to Dismiss**