IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DWIGHT McDONALD, CHRISTOPHER ATKINS and TIMOTHY PROVOST, Each Individually and on Behalf of All Others Similarly Situated** — **PLAINTIFFS**

vs. No. 1:21-cv-6260

**M2 MANAGEMENT, INC., and MICHAEL P. TRAINOR** — **DEFENDANTS**

**JOINT INITIAL STATUS REPORT**

Plaintiffs Dwight McDonald, Christopher Atkins and Timothy Provost, each individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their attorney, and Defendants M2 Management, Inc. and Michael P. Trainor ("Defendants"), submit the following Joint Initial Status Report pursuant to the Court's September 24, 2026 Minute Entry (ECF No. 66):

**I. The Nature of the Case:**

A. State the basis for federal jurisdiction.

This Court has subject matter jurisdiction over this suit under 28 U.S.C. § 1331 because it raises federal questions under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiffs also allege violations of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), which arise out of the same set of operative facts as the federal cause of action. Accordingly, this Court has supplemental jurisdiction over the IMWL and IWPCA claims under 28 U.S.C. § 1367(a).( ANSWER) Defendant disputes subject matter jurisdiction. M2 Management is dissolved, and at the time was not under the jurisdiction of the USDOL. Mike Trainor is an individual, a citizen of NH, and is not under jurisdiction of USDOL or IL.

B. Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims.

Plaintiffs filed this action as a collective action on November 22, 2021. ECF No. 1. Plaintiff McDonald worked for Defendants as a foreman, and Plaintiffs Atkins and Provost worked as industrial painters, performing industrial painting and coating, pressure washing, and sandblasting at job sites across the country, including Chicago in September 2021. Plaintiffs allege that Defendants misclassified them and other "Traveling Hourly Employees" as independent contractors; failed to pay 1.5 times the regular rate for hours worked over forty per week; and failed to pay Plaintiffs their final wages when their employment ended in September 2021. The Complaint asserts individual FLSA overtime and minimum wage claims, an FLSA collective action claim under 29 U.S.C. § 216(b), and individual IMWL and IWPCA claims. Plaintiffs do not intend to seek conditional certification and will proceed on the claims of the three named Plaintiffs. No counterclaims or third-party claims have been filed.

The Court entered default judgment against Defendants on September 29, 2022. ECF No. 26. On February 20, 2026, the Court granted Defendants' Rule 60(b)(4) motion, vacated the judgment, and reopened the case. ECF No. 41. Defendants were personally served on July 20, 2026. ECF Nos. 51, 52. Defendants' responsive pleading is due October 15, 2026. ECF No. 66.

(ANSWER) M2 Management is dissolved and cannot be served, Mike Trainor was not served by NH state laws RSA 510, RSA 104:5 and RSA 293-A: 15.10,

C. Describe the relief sought.

Plaintiffs seek a declaratory judgment that Defendants' practices violate the FLSA, the IMWL, and the IWPCA; unpaid overtime and other unpaid wages; liquidated damages under the FLSA and IMWL; statutory damages of 5% per month on underpayments under the IMWL

and IWPCA; prejudgment interest; reasonable attorneys' fees and costs; and an accounting of hours worked and wages paid.

D. State whether there has been a jury demand.

No jury demand has been made.

E. List the names of any parties who have not yet been served.

None. Both Defendants have been served.(ANSWER) M2 Management is dissolved and cannot be served, Mike Trainor was not served by NH state laws RSA 510, RSA 104:5 and RSA 293-A: 15.10,

## II. Discovery and Pending Motions:

A. Identify any pending motions.

None. Defendants' motion to dismiss was denied as moot on July 22, 2026 (ECF No. 50), and the Court granted Ellis Legal, P.C.'s motion to withdraw on September 24, 2026 (ECF No. 66).

B. Submit a proposal for discovery and a case management plan that includes the following information:

**(1) The type of discovery needed, including any potential electronic discovery or bifurcated discovery.** Plaintiffs anticipate written discovery and depositions on all elements of Plaintiffs' claims and Defendants' defenses, including Defendants' status as Plaintiffs' employers; Defendants' pay, timekeeping, payroll, and personnel records and policies; willfulness; Plaintiffs' damages; and Defendants' classification of Plaintiffs as independent contractors. Electronic discovery is expected to include payroll and timekeeping data and electronic communications. No bifurcation of discovery is proposed.

**(2) The need for any proposed protective orders.** None at this time.

**(3) A date for Rule 26(a)(1) disclosures.** Plaintiffs propose November 13, 2026.(ANSWER) Defendant not agreeing to timelines prior to filing response to claim.

**(4) A date for the completion of fact discovery.** Plaintiffs propose June 30, 2027. .(ANSWER) Defendant not agreeing to timelines prior to filing response to claim.

**(5) Whether there will be expert discovery.** No expert discovery is anticipated.

**III. Settlement and Referrals:**

A. State whether any settlement discussions have occurred and describe the status of any settlement discussions.

No settlement discussions have occurred.

B. State whether the parties request a settlement conference at this time before this Court or the Magistrate Judge.

Plaintiffs do not request a settlement conference at this time.( ANSWER)Defendant does not request settlement conference at this time.

C. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to the Magistrate Judge's jurisdiction.

Plaintiffs' counsel has informed Plaintiffs of the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment. The parties do not unanimously consent to the Magistrate Judge's jurisdiction.( ANSWER) Defendant is demanding a jury trial.

Respectfully submitted,

**DWIGHT McDONALD, CHRISTOPHER ATKINS and TIMOTHY PROVOST, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

**and MICHAEL P. TRAINOR, DEFENDANT**

*/s/ michael p trainor*
Michael P. Trainor, *Pro Se*
218 Deer Meadow Road
Pittsfield, New Hampshire 03263
Telephone: (603) 682-1722
mike@m2management.org

**and M2 MANAGEMENT, INC., DEFENDANT**
(no counsel of record)
53 Diamond Ledge Road
Thornton, New Hampshire 03285