FILED
10/14/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:21-CV-06260

P

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

DWIGHT MCDONALD et al.

PLAINTIFF

vs.

M2 MANAGEMENT, INC et al.

Defendants.

Case No. 1:21-cv-6260

Hon. Jorge L. Alonso

DEMAND FOR TRIAL BY JURY

# DEFENDANT'S ANSWER TO COMPLAINT

## I. The party filing this answer to the complaint

Michael Trainor pro se
218 Deer Meadow Rd.
Pittsfield, NH 03263
603-682-1722
mike@m2management.org

Defendant Michael Trainor is Demanding a Trial by Jury

## II. The answer and defenses to the complaint

### A. Answering the Claims for Relief

Paragraph 1. Defendant denies the allegations.

Paragraph 2. Defendant denies the allegations.

Paragraph 3. Defendant denies the allegations.

Paragraph 4. Defendant denies the allegations.

Paragraph 5. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 6. Defendant admits allegation.

Paragraph 7. Defendant admits allegation.

Paragraph 8. Defendant admits allegation.

Paragraph 9. . Defendant denies the allegations.

Paragraph 10. . Defendant denies the allegations.

Paragraph 11. Defendant admits allegation.

Paragraph 12. . Defendant denies the allegations.

Paragraph 13. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 14. . Defendant denies the allegations.

Paragraph 15. . Defendant denies the allegations.

Paragraph 16. Defendant admits allegation.

Paragraph 17. Defendant denies the allegations.

Paragraph 18. Defendant denies the allegations.

Paragraph 19. Defendant denies the allegations.

Paragraph 20. Defendant denies the allegations.

Paragraph 21. Defendant denies the allegations.

Paragraph 22. . Defendant denies the allegations.

Paragraph 23. Defendant denies the allegations.

Paragraph 24. Defendant denies the allegations.

Paragraph 25. Defendant denies the allegations.

Paragraph 26. Defendant denies the allegations.

Paragraph 27. Defendant denies the allegations.

Paragraph 28. Defendant denies the allegations.

Paragraph 29. Defendant denies the allegations.

Paragraph 30. Defendant admits the allegations.

Paragraph 31. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 32. Defendant denies the allegations.

Paragraph 33. Defendant denies the allegations.

Paragraph 34. Defendant denies the allegations.

Paragraph 35. Defendant denies the allegations.

Paragraph 36. Defendant denies the allegations.

Paragraph 37. Defendant denies the allegations.

Paragraph 38. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 39. Defendant denies the allegations.

Paragraph 40. Defendant denies the allegations.

Paragraph 41. Defendant denies the allegations.

Paragraph 42. Defendant denies the allegations.

Paragraph 43. Defendant denies the allegations.

Paragraph 44. Defendant denies the allegations.

Paragraph 45. Defendant denies the allegations.

Paragraph 46. Defendant denies the allegations.

Paragraph 47. Defendant denies the allegations.

Paragraph 48. Defendant denies the allegations.

Paragraph 49. Defendant denies the allegations.

Paragraph 50. Defendant denies the allegations.

Paragraph 51. Defendant denies the allegations.

Paragraph 52. Defendant denies the allegations.

Paragraph 53. Defendant denies the allegations.

Paragraph 54. Defendant denies the allegations.

Paragraph 55. Defendant denies the allegations.

Paragraph 56. Defendant denies the allegations.

Paragraph 57. Defendant denies the allegations.

Paragraph 58. Defendant denies the allegations.

Paragraph 59. Defendant denies the allegations.

Paragraph 60. Defendant denies the allegations.

Paragraph 61. Defendant denies the allegations.

Paragraph 62. Defendant denies the allegations.

Paragraph 63. Defendant denies the allegations.

Paragraph 64. Defendant denies the allegations.

Paragraph 65. Defendant denies the allegations.

Paragraph 66. Defendant denies the allegations.

Paragraph 67. Defendant denies the allegations.

Paragraph 68. Defendant denies the allegations.

Paragraph 69. Defendant denies the allegations.

Paragraph 70. Defendant denies the allegations.

Paragraph 71. Defendant denies the allegations.

Paragraph 72. Defendant denies the allegations.

Paragraph 73. Defendant denies the allegations.

Paragraph 74. Defendant denies the allegations.

Paragraph 75. Defendant denies the allegations.

Paragraph 76. Defendant denies the allegations.

Paragraph 77. Defendant denies the allegations.

Paragraph 78. Defendant denies the allegations.

Paragraph 79. Defendant denies the allegations.

Paragraph 80. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 81. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 82. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 83. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 84. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 85. Defendant denies the allegations.

Paragraph 86. Defendant denies the allegations.

Paragraph 87. Defendant denies the allegations.

Paragraph 88. Defendant denies the allegations.

Paragraph 89. Defendant denies the allegations.

Paragraph 90. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 91. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 92. Defendant denies the allegations.

Paragraph 93. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 94. Defendant denies the allegations.

Paragraph 95. Defendant denies the allegations.

Paragraph 96. Defendant denies the allegations.

Paragraph 97. Defendant denies the allegations.

Paragraph 98. Defendant denies the allegations.

Paragraph 99. Defendant denies the allegations.

Paragraph 100. Defendant denies the allegations.

Paragraph 101. Defendant denies the allegations.

Paragraph 102. Defendant denies the allegations.

Paragraph 103. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 104. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 105. Defendant denies the allegations.

Paragraph 106. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 107. Defendant denies the allegations.

Paragraph 108. Defendant denies the allegations.

Paragraph 109. Defendant denies the allegations.

Paragraph 110. Defendant denies the allegations.

Paragraph 111. Defendant denies the allegations.

Paragraph 112. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 113. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 114. Defendant denies the allegations.

Paragraph 115. Defendant denies the allegations.

Paragraph 116. Defendant denies the allegations.

Paragraph 117. Defendant denies the allegations.

Paragraph 118. Defendant denies the allegations.

Paragraph 119. Defendant denies the allegations.

Paragraph 120. Defendant denies the allegations.

Paragraph 121. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 122. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 123. Defendant denies the allegations.

Paragraph 124. Defendant lacks sufficient knowledge to admit or deny the allegations.

Paragraph 125. Defendant denies the allegations.

Paragraph 126. Defendant denies the allegations.

**B. Defenses to the Claims for Relief**

1. The court does not have subject–matter jurisdiction over the claims because Mike Trainor is not in the Jurisdiction of the US Department of Labor, who enforces the

FLSA. In addition, if the Plaintiffs claims were to be true, for a week or two or three or four, with minimum wage rate of $ 13.50 for Cook County, IL in Oct 2021, the amount disputed would not meet the $ 75,000.00 threshold.

2. The court does not have personal jurisdiction over the defendant because Defendant Trainor does not live in , have office in, property in Il and has minimum contact with IL.
3. The venue where the court is located is improper for this case because none of the participants in the lawsuit live in IL.
4. The manner of serving the defendant with the summons and complaint was insufficient because he was not properly served with the summons and complaint as per NH law RSA 510 and RSA 293-A and RSA 104:5. The Plaintiffs Claim that they could not serve through Merrimack County Sherriff's Dept and hired a private investigator, I contacted Dep Katrina Ledare on Sept 11, 2026. She checked the records and stated that no attempt for service had been made from Feb 20, 2026, to that day , Sept 11, 2026'
5. The complaint fails to state a claim upon which relief can be granted because M2 Management, Inc, is dissolved, insolvent and has no assets. Mike Trainor is protected by the laws of NH and US in reference to Incorporation.
6. The claim dated Nov 22,2021 is out of the statute of limitations as per Rule 8(c)

**C. Counter claim**

The Defendant has the following claim against the Plaintiff. The claim by the

Plaintiff's is false in its entirety; The Plaintiffs filed a claim against the wrong party. This has cost the Defendant a substantial amount of money in the way of legal fees, hundreds of hours, and business interference. Due diligence as not performed to verify who the Plaintiffs actually worked for. If there had been an issue at the time they filed suit, they should have filed a mechanics lien against the subcontractor on the project that they were on whereas they were well within their timeframe to do so. The Plaintiff also caused the Defendant to defend this claim in 2 states simultaneously in violation of the Colorado River Rule.

1. The defendant seeks damages for legal fees, business interference and false claims and whatever other relief the court may remedy.

## III. Statement of Facts

Plaintiff filed their complaint against Defendant on Nov 22,2021 with causes of action for labor dispute. See complaint on file. Plaintiffs allege that they worked on a worksite in Chicago, IL weeks in 2021: August 29, September 5, September 12, September 19 and September 26. Plaintiffs McDonald and Provst claim that they were not paid " for his last approximately one to two weeks of work. " and Atkins claims that he was not paid for the "last approximately three to four weeks of work. ". The defendant would ask the simple question " Who paid the first three weeks? It was not M2 Management, Inc. or Mike Trainor. The claim throughout alleges that M2 Management misclassified the Plaintiffs as independent contractors. The Plaintiffs were never misclassified as anything because they were never classified as anything. They have no direct relation to M 2

Management or Mike Trainor. They were hired by a subcontractor that was given a contract from M2 Management. The fact is that M2Management,Inc. was awarded a contract in Chicago, IL. M2 Management then subcontracted a company from another state to perform the project. M2 Management subcontracted the company, that is a legitimate LLC, with EIN number for IRS, incorporation papers, workers compensation and general liability insurance and a bank account in the name of the corporation. There was a set amount contract between M2 Management, Inc and the contractor. The contractor was paid in full by way of ACH from M2 Managements corporate account. M2 Management has all of the records and substantial documented evidence of this including bank statements, tax returns and insurance audits spelling out the transaction. In summary, the plaintiffs did not work for M2 Management, Inc. or Mike Trainor. They did not have a contract with M2 Management, did not receive an I-9 form, w-2 form, 1099 form, an employment contract or any other reporting form . They were not contractors, subcontractors, employees, volunteers, assistants, apprentices, consultants, subcontractors, contractors, independent contractors or any other capacity in relation to M2 Management, Inc, or Mike Trainor. They were hired or contracted through the subcontractor, from another state, and paid or not paid through the subcontractor. M2 Management, Inc or Mike Trainor has no input as to the subcontractor paying or not paying anything. M2 Management or Mike Trainor had no direct contact with or input with Plaintiffs' payments. McDonald, in a sworn affidavit in US District Court in NH literally named the subcontractor in reference to how he was paid. The dispute would be between the Plaintiffs and the subcontractor. Rule 12b(4) Mike Trainor was the sole employee of M2 Management, Inc. I have substantial credible factual evidence to support this in the form of Bank statements, tax returns, personal and corporate, annual reports and insurance audits. M2 Management, Inc. has been dormant since Dec 2024 and has since been  dissolved and insolvent with no assets, cash, or receivables. At the time of dissolution,

there were no assets to distribute. Therefore, the Plaintiff has filed a claim in which relief cannot be granted (Rule 12(b)(6)) whereas M2 Management is dissolved, and Mike Trainor is an individual citizen of the state of NH and of the United States of America and is protected under incorporation laws under NH and US. There was a clean and clear separation between M2 Management Inc and Mike Trainor. Each had separate bank accounts and tax returns. Business activity was handled through M2 account . There were separate insurance policies, M2 had workers comp and liability insurance, completed annual profit and loss statements. M2 filed annual reports and stayed in good standing, This Plaintiff has made a separation of M2 Management, Inc. and Mike Trainor by suing both parties. The court has also made separation of Mike Trainor and M2 Management, Inc.

The claim is dated Nov 22, 2021, and is also out of the statute of limitations. The claim was not refreshed and was addressed to a different judge( Gary Feinernman) who has since retired. The claim throughout lists violations of the FLSA. The Fair Labor Standards Act is enforced by the Us Department of Labor. The Us Department of Labor does not have jurisdiction over individuals. Mike Trainor is an individual and is not under the jurisdiction of the Us Department of labor therefore not bound by the FLSA .The US Department of Labor has jurisdiction of corporations that gross more than $ 500,000.00 annually AND have more than 2 employees. M2 Management, Inc. had 1 employee, Mike Trainor. No employees, no jurisdiction. Labor laws apply specifically to employers with employees. If a company has no workers, there are no labor standards to enforce. M2 Management was not under the jurisdiction of USDOL. In addition . M2 Management, Inc. is dissolved;

Mike Trainor is a citizen of the state of NH, has no property, office or operation in the State of IL with very limited contact, and therefore IL does not have jurisdiction over Mike Trainor. M2

Management did not have an office or operation in IL and had very limited contact and was not in Jurisdiction of IL. Rule 12b (2)

Throughout the complaint, the Plaintiffs alleged that the defendant miss classified the Plaintiffs. Websters Dictionary defines miss classification as to wrongly assign someone or something To a particular group or category. This incorrect classification can occur in various contexts Such as employment, date categorization, or medical assessments. None of the Plaintiffs Were classified anytime as anything by M2 Management or Mike Trainor. Therefore they Cannot be misclassified. They were employees, agents or subcontractors to the Subcontractor to M2 Management, Inc. with no direct connection to M2 Management, Inc. Or Mike Trainor .rule 12b(4).

I have 3 sworn affidavits from others on site that witnessed Plaintiff Atkins say to Defendant Trainor " F... You, I don't work for you, I work for him." And pointed at Plaintiff McDonald. It was seconded by Plaintiff Provost " ya, I work for him." And pointed at McDonald. This took place on September 29,2021.

I have text messages from Plaintiff Atkins from October 6, 2021, asking when the subcontractor was going to pay them and if he could get the subcontractor's phone number. He named the subcontractor by name.

In US District Court of NH in a sworn affidavit, Plaintiff McDonald also names the contractor that paid him. He also conceded to the fact that M2 Management did not give him 1099's or W2's. The reason for this is because McDonald, and the other Plaintiffs Atkins and Provost did not work for M2 Management, Inc or Mike Trainor.

Plaintiffs McDonald and Provost claim that they were not paid for the last week or 2 On what they claim was a 5-week project. Atkins claimed that he was not paid for the last

3 or 4 weeks. On a 5-week project in question, who paid the 1st 3 weeks for McDonald and 1st week for Atkins? This is a question between the Plaintiffs and the contractor they Worked for. They were not paid by Mike Trainor or M2 Management.

## IV. Defendants Prayer For Relief

Wherefore, premises considered, Michael Trainor, Defendant, respectfully prays as Follows:

A. That the Court dismiss the complaint with prejudice.

B. That the Court awards Defendant attorney fees and costs.

C. That the Court grant such other and further relief as the Court deems just and Proper.

## V. Certification and Closing Under Federal Rule of Civil Procedure 11

By signing below, I certify to the best of my knowledge, information, and belief that This answer: (1) is not being presented for an improper purpose such as to harass, Cause unnecessary delay, or needlessly increase the cost of litigation;(2) is supported By existing law or by a non-frivolous for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after reasonable opportunity for further investigations or discovery; and (4) the answer complies with the requirements of Rule 11.A

Respectfully submitted,

MICHAEL P. TRAINOR,
DEFENDANT
/s/ Michael p Trainor pro se
Michael P. Trainor, Pro Se
218 Deer Meadow Road
Pittsfield, New Hampshire 03263
Telephone: (603) 682-1722
mike@m2management.org