**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Dwight McDonald, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 21 C 6260 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| M2 Management Inc. and Michael Trainor | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Upon review of the pleadings and the parties' most recent status report, the Court is inclined to transfer this case sua sponte to the District of New Hampshire for the convenience of parties and witnesses and in the interest of justice. Any party who objects to transfer may file a memorandum in opposition by 10/30/26. Otherwise, this case will be transferred.

# STATEMENT

On November 22, 2021, Plaintiffs filed this putative class action against Defendants alleging that they violated the Fair Labor Standards Act and Illinois wage-and-hour laws. This case was initially assigned to a different judge, who granted default judgment on September 22, 2022. (Dkt. No. 25.) Defendants moved to vacate the judgment due to lack of service of process in May 2025, claiming they had not been properly served in New Hampshire, where they are located. (Dkt. No. 30.) The case was reassigned to this Court due to the retirement of the previously assigned judge. Following briefing, the Court vacated the judgment and reopened this case. (Dkt. No. 41.) There were further difficulties with service of process, prompting a motion to dismiss for lack of proper service, but service was finally accomplished in July 2026 (Dkt. Nos. 51, 52), and the motion to dismiss was denied. Counsel for Defendants has withdrawn from the case. The individual defendant, Michael Trainor, is representing himself. The entity defendant, M2 Management, Inc., remains unrepresented. Mr. Trainor has represented that the entity is defunct.

On October 13, 2026, the parties filed a joint status report (Dkt. No. 69), from which it appears that Plaintiffs are contemplating taking significant discovery from Defendants, including written discovery and depositions. (Jt. Status Report at 3, Dkt. No. 69.) They describe the basis of the suit as follows: "Plaintiff McDonald worked for Defendants as a foreman, and Plaintiffs Atkins and Provost worked as industrial painters, performing industrial painting and coating, pressure washing, and sandblasting at job sites across the country, including Chicago in September 2021." (*Id.* at 2.) The following day, Mr. Trainor filed a *pro se* answer, in which he raised the defenses of improper venue and lack of personal jurisdiction, claiming that "none of the participants in the lawsuit live in" Illinois, nor does Mr. Trainor have any "office," "property," or "minimum contact"

with Illinois. (Ans. at 8, Dkt. No. 70.)

Based on the Court's review of the status report and the answer, this case appears to have only a very slight connection to the state of Illinois: it appears that one of Plaintiffs' jobs for Defendants, among many, took place in Illinois, for a few weeks in 2021. But, according to the information on the docket, Defendants are located in New Hampshire, Plaintiffs reside in Texas (Compl. ¶¶ 6-8), and Plaintiffs' counsel are in Arkansas. None of the "participants," as Mr. Trainor puts it, reside in Illinois or appear to have any substantial connection to it.

"It is well established that a district court has the authority to sua sponte transfer a case under 28 U.S.C. § 1404." *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 706 n.5 (7th Cir. 2020). Even when venue is proper in the forum of the plaintiff's choice, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). District courts are to evaluate convenience based on such factors as "the availability of and access to witnesses, . . . each party's access to and distance from resources in each forum[,] . . . the location of material events[,] and the relative ease of access to sources of proof." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977-978 (7th Cir. 2010). The plaintiff's choice of forum is generally entitled to "deference," but the amount of deference depends on the circumstances. *Id.* at 979, 982. "The force of the plaintiff's choice is . . . diminished 'if the chosen forum has relatively weak connections with the operative facts giving rise to the claim.'" *Lewis v. Grote Indus., Inc.*, 841 F. Supp. 2d 1049, 1053 (N.D. Ill. 2012) (quoting *Von Holdt v. Husky Injection Molding Sys., Ltd.,* 887 F. Supp. 185, 188 (N.D. Ill. 1995)).

It seems that litigating this case will be far more convenient for the pro se defendant in New Hampshire, where he resides. It also seems, based on the status report, that there will be better access to critical sources of proof in New Hampshire, again, because that is where Mr. Trainor is and where his business was based. There seems to be little benefit to proceeding in Illinois, and it would seem that it will be no more difficult for Plaintiffs to litigate this case in New Hampshire as opposed to Illinois; either way, they will have to travel a long way from Texas.

District courts assess the "interest of justice" based on factors such as "docket congestion[,] likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978 (internal citations omitted). New Hampshire has far fewer filings and pending cases per judge than the Northern District of Illinois, although data on time from filing to trial appears to be incomplete.[1] Plaintiffs' claims are rooted in the Fair Labor Standards Act, a federal statute, with which courts are equally familiar across the country. Plaintiffs also assert claims based on Illinois wage-and-hour law, but Defendant asserts lack of proper service based on New Hampshire law, so any concerns about applying state law cancel out. Regardless, the Court places relatively little weight on such concerns, as federal judges routinely apply the law of various jurisdictions. The controversy's relationship to the community and the locale would seem to favor New

[1] https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0630.2026.pdf.

Hampshire, where Defendants are located, as this suit has only a very slight connection to Illinois, and none of the important participants are located here.

On balance, the Court tends to view these factors to weigh strongly in favor of transferring this case to New Hampshire. Before the Court transfers the case, however, it will permit the parties to address the issue. If either side objects to transfer, they may file a brief in opposition to transfer by 10/30/26.

**SO ORDERED.**

**ENTERED: October 16, 2026**

**HON. JORGE ALONSO**
**United States District Judge**