IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DWIGHT MCDONALD, CHRISTOPHER ATKINS and TIMOTHY PROVOST, Each Individually and on Behalf of All Others Similarly Situated** **PLAINTIFFS**

vs. No. 1:21-cv-6260

**M2 MANAGEMENT, INC., and MICHAEL P. TRAINOR** **DEFENDANTS**

**PLAINTIFFS' MOTION TO DISMISS
DEFENDANT MICHAEL P. TRAINOR'S COUNTERCLAIM**

Plaintiffs Dwight McDonald, Christopher Atkins and Timothy Provost, by and through their attorney Sean Short of Sanford Law Firm, PLLC, move under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Counterclaim set forth in Section II.C of Defendant Michael P. Trainor's Answer to Complaint (ECF No. 70). In support, Plaintiffs state as follows:

## I. BACKGROUND

Plaintiffs brought this action in November 2021 for unpaid wages under the Fair Labor Standards Act, the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act. On October 14, 2026, Trainor, proceeding *pro se*, filed an Answer to Complaint that includes a section captioned "Counter claim." (ECF No. 70 at 8–9.) The Counterclaim consists of one unnumbered paragraph and a single numbered paragraph. In substance, it alleges that Plaintiffs' claims are "false in [their] entirety," that Plaintiffs "filed a claim against the wrong party," that defending this case has cost Trainor money,

time and "business interference," that Plaintiffs should have pursued a mechanics lien against a subcontractor instead of suing, and that Plaintiffs caused Trainor to defend this claim in two states "in violation of the Colorado River Rule." (Id.) Trainor "seeks damages for legal fees, business interference and false claims and whatever other relief the court may remedy." (Id. at 9.)

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A *pro se* pleading is construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but it must still allege facts that, if true, would entitle the pleader to relief.

## III. ARGUMENT

### A. The Counterclaim alleges no facts that would support affirmative relief against Plaintiffs.

Stripped of labels, the Counterclaim alleges two things: that Plaintiffs' claims are wrong on the merits, and that defending them has cost Trainor money, time and business. The first is a denial of the Complaint, not a basis for recovery against the parties who filed it. The second describes the ordinary consequence of being sued. The Counterclaim offers only conclusory assertions that Plaintiffs' claims are false and directed against the wrong party; it alleges no supporting facts plausibly establishing an entitlement to affirmative relief, whatever legal theory the Court might read into it.

**B. The Counterclaim does not state a claim for malicious prosecution or abuse of process.**

Construed liberally, the Counterclaim might be read as an attempt to plead one of the two Illinois torts that address wrongful litigation. It satisfies the elements of neither. To the extent the Counterclaim rests on the filing and prosecution of this action, malicious prosecution requires, among other elements, that the underlying proceeding terminated in the counterclaimant's favor and that he suffered a special injury beyond the ordinary expense and burden of defending a lawsuit. *Cult Awareness Network v. Church of Scientology Int'l*, 177 Ill. 2d 267, 272, 280–81 (1997). This action is pending; it has not terminated at all, much less in Trainor's favor. And although the Counterclaim refers to "business interference," it alleges no facts showing any injury beyond the time and expense of defending this case. Abuse of process requires an ulterior purpose and some act in the use of legal process that is not proper in the regular prosecution of the proceeding; the filing and prosecution of a lawsuit, even with an improper motive, is not enough. *Kumar v. Bornstein*, 354 Ill. App. 3d 159, 165, 170 (2d Dist. 2004). The Counterclaim alleges no ulterior purpose and no act other than the filing and prosecution of this case.

**C. The Counterclaim does not state a claim for tortious interference.**

To the extent the reference to "business interference" is intended as a claim for tortious interference with contract or prospective economic advantage, it fails for want of any supporting facts. Whether framed as interference with a contract or with a prospective business expectancy, such a claim requires facts establishing a contract or reasonable business expectancy with a third party, Plaintiffs' knowledge of it, purposeful interference

by Plaintiffs, and resulting loss. See *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 484 (1998). The Counterclaim alleges none of these. It alleges only that defending this lawsuit interfered with Trainor's business, which is a description of litigation, not of interference.

**D. The remaining theories are not claims.**

Trainor's demand for damages for "false claims" has no independent legal basis. To the extent he contends the Complaint is factually baseless, that contention is a defense on the merits. If he believes the Complaint violates Rule 11, that rule requires a separate motion and compliance with the safe-harbor procedure of Rule 11(c)(2); it does not supply a counterclaim for damages. His reference to the "Colorado River Rule" fares no better. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–18 (1976), concerns when a federal court may decline to exercise its jurisdiction in deference to parallel state proceedings; it creates no cause of action and no right to damages. And his request for "legal fees" identifies no statute, rule or contract that would shift fees to Plaintiffs, and nothing in the Counterclaim makes the expense of defending this case recoverable as affirmative damages.

**IV. CONCLUSION**

Plaintiffs respectfully request that the Court dismiss the Counterclaim in Defendant Michael P. Trainor's Answer to Complaint (ECF No. 70) for failure to state a claim upon which relief can be granted and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DWIGHT McDONALD, CHRISTOPHER ATKINS and TIMOTHY PROVOST, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Sean Short, certify that on October 30th, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that on the same date I served a true and correct copy on Defendant Michael P. Trainor, *pro se*, by email to mike@m2management.org.

*/s/ Sean Short*
**Sean Short**